OPINION OF THE COURT
Sidney Leviss, J.
This is a motion by defendants made during trial of the above-entitled action for leave and permission to allege and prove as an affirmative defense, in mitigation of damages, the comparative negligence of plaintiffs with respect to their cause of action which is based upon section 205-a of the General Municipal Law of the State of New York. Although there is an additional cause of action grounded upon common-law negligence alleged herein, that need not be considered on this motion.
On or about November 19, 1975 a fire occurred at premises 159-02 Jamaica Avenue, Jamaica, New York. Said premises were owned by the defendant, the City of New York, and occupied and used by defendant Robbins Mens and Boys Wear Corp. Defendant, the Brooklyn Union Gas Company, Inc., supplied the natural gas to the premises. The Fire Department of the City of New York responded to the fire and eventually brought it under control. Plaintiffs Penino, Meehan, Eppolito and Baumeister were New York City firemen who allegedly sustained personal injuries as a result of this occurrence. Captain Koehler and Lieutenant Flanagan, also of the New York City Fire Department, died allegedly as a result of the fire. Actions were thereupon commenced on behalf of the plaintiffs against defendants. One cause of action was grounded upon common-law negligence and another cause of action was based upon section 205-a of the General Municipal Law.
*400 Section 205-a of the General Municipal Law, in effect since 1936 and at present, provides as follows: "In addition to any other right of action or recovery under any other provision of law, in the event any accident, causing injury, death or a disease which results in death, occurs directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus, the person or persons guilty of said neglect, omission, willful or culpable negligence at the time of such injury or death shall be liable to pay any officer, member, agent or employee of any fire department injured, or whose life may be lost while in the discharge or performance of any duty imposed by the fire commissioner, fire chief or other superior officer of the fire department, or to pay to the wife and children, or to pay to the parents, or to pay to the brothers and sisters, being the surviving heirs-at-law of any deceased person thus having lost his life, a sum of money, in case of injury to person, not less than one thousand dollars, and in case of death not less than five thousand dollars, such liability to be determined and such sums recovered in an action to be instituted by any person injured or the family or relatives of any person killed as aforesaid.”
It is thus apparent that section 205-a created a new cause of action for firemen when they could not recover in negligence. It permits firemen to bring a separate cause of action for damages which occur directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the Federal, State, county, village, town or city governments or of any and all their departments, divisions and bureaus. The purpose of section 205-a was described in McGee v Adams Paper & Twine Co. (26 AD2d 186, 194-195, affd 20 NY2d 921): "it was the stated intention of the Legislature to create a cause of action in cases of the proscribed violations where otherwise there would be no right of recovery for the injury or death of a fireman.”
Since the enactment of section 205-a in 1935 (L 1935, ch 800) and its amendment in 1936 (L 1936, ch 251), the courts have held that the statute is to be construed liberally. As a *401 basis for recovery under the statute, it is not necessary that the plaintiff show "the same degree of proximate causal connection which we are accustomed to require in the field of negligence” (Daggett v Keshner, 284 App Div 733, 736). Rather, liability may be imposed in any case where there is any practical or reasonable connection between a violation and the injury or death of a fireman (see Daggett v Keshner, supra).
Further, case law has established that with respect to contributory negligence, plaintiff does not have to establish freedom from contributory negligence in an action under section 205-a to recover (Nykanen v City of New York, 14 NY2d 697; Lyden v Rasa, 39 AD2d 716), and that assumption of risk was not a defense to a section 205-a cause of action (Carroll v Pellicio Bros., 44 Misc 2d 832); these cases being in derogation of long-established case law principles pertaining to common-law negligence actions. Plaintiffs claim, therefore, that in view of the holding in the above and other cases, the liability imposed, pursuant to section 205-a of the General Municipal Law, is not premised upon common-law principles of negligence but that liability is instead statutorily mandated and absolute in nature.
Plaintiffs contend that section 205-a is analogous to those statutes such as section 240 of the Labor Law, and section 11-101 of the General Obligations Law of the State of New York, which the courts have held are designed to protect a certain class of people by imposing absolute liability for the violation of such statute regardless of negligence or contributory negligence. Close examination of these statutes and cases where absolute liability was imposed show that there was a specific duty imposed on someone, which violation of specific duty imposed absolute liability. For instance, subdivision 1 of section 240 of the Labor Law required that the employer or person directing the work "shall furnish * * * scaffolding * * * ladders * * * so constructed, placed and operated as to give proper protection”, such requirement imposed a specific duty without regard to negligence (Koenig v Patrick Constr. Corp., 298 NY 313).
On September 1, 1975, CPLR 1411, 1412 and 1413, or as is more commonly called "the standard of pure comparative negligence” became effective in the State of New York.
These sections provide as follows:
*402 "§ 1411. Damages recoverable when contributory negligence or assumption of risk is established
"In any action to recover damages for personal injury, injury to property, or wrongful death, the culpable conduct attributable to the claimant or to the decedent, including contributory negligence or assumption of risk, shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the claimant or decedent bears to the culpable conduct which caused the damages.
"§ 1412. Burden of pleading; burden of proof "Culpable conduct claimed in diminution of damages, in accordance with section fourteen hundred eleven, shall be an affirmative defense to be pleaded and proved by the party asserting the defense.
"§ 1413. Applicability
"This article shall apply to all causes of action accruing on or after September first, nineteen hundred seventy-five.”
The language of the statutes is quite clear. CPLR 1411 says, "In any action to recover damages for personal injury, injury to property, or wrongful death”. (Italics supplied.) Also, CPLR 1413 provides that "This article shall apply to all causes of action accruing after September first, nineteen hundred seventy-five.” The court interprets the language used in the statutes to mean that all causes of action for personal injury or death are included in the statute regardless of the theory upon which the actions are brought. By the enactment of these statutes, the Legislature has effectively abrogated the doctrine of contributory negligence as a bar to recovery by plaintiff in negligence and similar actions, and instead, the focus is now on the issue of damages.
In 1 NY PJI2d 38-39 (cumulative supplement issued Aug., 1979 [comment to charge 2:36]), the following is found: "Actions to which the statute applies are those regardless of theory 'to recover damages for personal injury, injury to property or wrongful death,’ CPLR 1411. Thus, it embraces any action based on breach of duty, whether through negligence, through breach of warranty or predicated upon strict liability, 1975 McKinney’s Session Laws, 1482, 1483-1484, 1486, upon a violation of statute giving rise to civil liability”.
As Dean McLaughlin further states in his Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR, *403 C1411:l, p386): "By its terms, section 1411 is not limited to negligence actions. Thus, in an action for breach of warranty, strict liability in tort, or strict products liability * * * CPLR 1411 now directs that the recovery be diminished by the proportion of the plaintiff’s 'culpable conduct’ * * * Thus, the culpable conduct of the plaintiff — regardless of how it was formerly termed — will henceforth diminish plaintiff’s recovery. So too, the 'culpable conduct’ of the defendant need not be negligence, but may be breach of warranty, a violation of a statute giving rise to liability, etc.”
Since this action accrued on November 19, 1975, after the effective date of CPLR 1411, 1412 and 1413, and as the statutory cause of action under section 205-a of the General Municipal Law depends upon proof of some neglect, omission, willful or culpable negligence on the part of one or more of the defendants, plaintiffs’ negligence must be considered in mitigation of damages by the triers of fact herein.
Accordingly, in view of the above, defendants’ motion is granted, whereby the affirmative defense of contributory negligence of plaintiffs may be proven in mitigation of damages with respect to their action under section 205-a of the General Municipal Law.