OPINION OF THE COURT
Ethel B. Danzig, J.
Plaintiffs move to dismiss defendant’s affirmative defense of *608 plaintiffs contributory negligence asserted in response to plaintiffs statutory cause of action under General Municipal Law § 205-a (CPLR 3211 [b]).
This is an action to recover damages for personal injury, lost wages, conscious pain and suffering and loss of consortium sustained by plaintiff Richard J. Johnson and his wife, Joanne Johnson. Mr. Johnson, a lieutenant in the New York City Fire Department, was injured on October 6, 1982, when he attempted to gain access to premises located at 411 Eighth Avenue, New York, New York, in order to fight a fire. The subject premises are owned by defendant Riggio Realty Corp., and codefendant, K&S Deli Corp., has leased the basement and ground floor portions of the premises since 1977.
Plaintiffs contend that defendants failed to properly maintain the premises and violated several New York City Administrative Code provisions. Further, plaintiffs allege that Mr. Johnson’s injuries resulted from defendants’ violations of the Administrative Code provisions. Plaintiffs argue that these allegations are sufficient to set forth the requisite elements for a cause of action pursuant to section 205-a of the General Municipal Law. Section 205-a provides, in pertinent part, as follows: “In addition to any other right of action or recovery under any other provision of law, in the event any accident, causing injury * * * occurs directly or indirectly as a result of any neglect, omission, wilful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus, the person or persons guilty of said neglect, omission, wilful or culpable negligence at the time of such injury * * * shall be liable to pay any officer, member, agent or employee of any fire department injured * * * while in the discharge or performance of any duty imposed by the fire commissioner, fire chief or other superior officer of the fire department * * * a sum of money, in case of injury to person, not less than one thousand dollars, and in case of death not less than five thousand dollars, such liability to be determined and such sums recovered in an action to be instituted by any person injured”.
Defendant Riggio Realty Corp. has interposed an affirmative defense that plaintiff’s injuries were caused in whole or in part by his own culpable conduct including contributory negligence and assumption of the risk. Defendant therefore argues *609 that damages, if any, should be barred or diminished in proportion to plaintiff’s culpable conduct. Plaintiffs move to dismiss this affirmative defense as it pertains to their third cause of action brought pursuant to section 205-a of the General Municipal Law.
The issue presented is whether section 205-a of the General Municipal Law should be construed as imposing strict liability upon the defendants, and thus act as a bar to evidence of Mr. Johnson’s culpable conduct, or, conversely, whether section 205-a must be interpreted in conjunction with CPLR 1411 which provides that evidence of plaintiff’s culpable conduct, including contributory negligence and assumption of the risk, may be presented not as a bar to plaintiffs’ recovery, but as a factor in determining the amount of damages recoverable.
CPLR 1411, enacted in 1975, mandates that "[i]n any action to recover damages for personal injury * * * the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the claimant * * * bears to the culpable conduct which caused the damages.” Since plaintiffs’ third cause of action under section 205-a of the General Municipal Law is one for personal injuries, defendant contends that CPLR 1411 is applicable and thus that it may interpose the affirmative defenses of plaintiff’s contributory negligence or assumption of the risk. (See, Koehler v City of New York, 102 Misc 2d 398.) However, plaintiffs maintain that the statutory language of section 205-a dictates that defendant’s affirmative defense cannot be considered since the statute imposes a strict liability standard upon those who are in violation of a law, ordinance or statute, and that it was a violation on the part of the defendant which caused injury to the firefighter while performing his mandated duties.
Plaintiffs draw an analogy between section 205-a of the General Municipal Law and section 240 of the Labor Law. Labor Law § 240 imposes a nondelegable duty upon all contractors, owners and their agents to provide proper safety devices, such as scaffolding and braces, for those employed in repair, erection, or demolition of their building. The Legislature’s intent in enacting section 240 of the Labor Law was to achieve the purpose of protecting workers by placing "ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor” (1969 NY Legis Ann, at 407), instead of on workers, who "are scarcely in a position to *610 protect themselves from accident” (Koenig v Patrick Constr. Co., 298 NY 313, 318). The Court of Appeals held, therefore, that the contributory negligence of an injured worker is not a proper affirmative defense to an action predicated upon violation of Labor Law § 240. The breach of a duty by a contractor, owner or their agents renders them absolutely liable without regard to the care or lack of care exercised by the injured worker. (Zimmer v Chemung County Performing Arts, 65 NY2d 513; Joyce v Rumsey Realty Corp., 17 NY2d 118, 122.) Plaintiffs maintain that section 205-a of the General Municipal Law is analogous to section 240 of the Labor Law and should, therefore, be interpreted as a strict liability statute, rendering evidence of plaintiff’s culpable conduct irrelevant.
The courts must interpret statutes in order to ascertain and give effect to the intention of the Legislature (McKinney’s Cons Laws of NY, Book 1, Statutes §92). Section 205-a, as enacted in 1935 and amended in 1936, was intended "to create a cause of action in cases of the prescribed violations * * * where otherwise there would be no right of recovery for a fireman’s injury”. (Lyden v Rasa, 39 AD2d 716, 717, citing McGee v Adams Paper & Twine Co., 26 AD2d 186, 194-195, affd 20 NY2d 921.) The courts have determined that the Legislature created an additional cause of action "in the interests of protecting firemen against the hazards of such violations”. (McGee v Adams Paper & Twine Co., supra, at 195.) Further, the Legislature may be considered as having intended to impose a strict liability standard in any case where there is any practical or reasonable connection between a violation and the injury or death of a fireman. Thus, it appears to this court that the Legislature, in enacting section 205-a, intended to allow the firefighter, injured in the performance of his duties, to recover damages if a causal connection could be established between his injury and the violation of a statute, law or ordinance, without the need to demonstrate his freedom from contributory negligence. (See, Nykanen v City of New York, 14 NY2d 697.)
The court does not subscribe to the view that CPLR 1411, which provides that in any action to recover damages for personal injuries, the amount of damages recoverable shall be diminished proportionately to plaintiff’s culpable conduct, must be applied to a cause of action commenced pursuant to section 205-a of the General Municipal Law. The traditional affirmative defenses of assumption of the risk and contributory negligence have no bearing upon the statutory cause of *611 action set forth in section 205-a. Clearly, section 205-a was "designed to protect a definite class of persons from a hazard of definable orbit, which they themselves are incapable of avoiding”, and, consequently, it possesses the necessary characteristics of a strict liability statute. (Koenig v Patrick Constr. Corp., supra, at 317.)
A firefighter, by the very nature of his chosen field, assumes a risk in the performance of his duties. He must frequently act in emergency situations, in unfamiliar locales, which require split-second decisions. Given the demands placed upon the firefighter, including his paramount obligation to save human lives and control damage to property, the Legislature recognized that the firefighter should not have to defend his conduct, where he sustains injuries in the line of duty which may be attributable to defendant’s violation of a statute, law or ordinance. Thus, section 205-a was enacted to insure that the firefighter injured by defendant’s violation of a statute, law, or ordinance, would be at least minimally compensated, without the need to demonstrate his freedom from culpable conduct in what many times could be a dangerous and volatile situation. If the defendant is permitted to interpose its affirmative defense of plaintiffs contributory negligence, the distinct statutory cause of action imposing strict liability set forth in section 205-a would be indistinguishable from a cause of action sounding in negligence. Such an interpretation would certainly undermine the Legislature’s intent to fashion for the firefighter a statutory cause of action unrelated to questions of negligence.
Accordingly, plaintiffs’ motion to strike defendant’s affirmative defense of plaintiffs culpable conduct interposed in response to plaintiffs’ cause of action pursuant to section 205-a of the General Municipal Law is granted.
All parties are directed to appear for trial in IA Part 12 on October 19, 1988 at 2:00 p.m.