■ RICHARD J. JOHNSON et al., Respondents, v RIGGIO REALTY CORP., Appellant and Third-Party Defendant-Appellant, and K & S DELI CORP., Appellant and Third-Party Plaintiff-Appellant and Second Third-Party Plaintiff-Appellant, et al., Second Third-Party Defendant.—Order, Supreme Court, New York County (Ethel Danzig, J.), entered October 11, 1988, which granted the plaintiffs' motion to strike the affirmative defense of culpable conduct, interposed in response to the cause of action pursuant to General Municipal Law § 205-a, unanimously affirmed, without costs.

This is an action to recover damages for personal injury,

lost wages, conscious pain and suffering, and loss of consortium sustained by plaintiffs Richard J. Johnson and his wife, Joanne Johnson. Mr. Johnson, a New York City Fire Department lieutenant, was injured in the performance of his duties while fighting a fire at premises located at 411 Eighth Avenue in Manhattan on October 6, 1982. At the time of the incident, the premises were owned by defendant Riggio Realty Corp. and portions of the ground floor and basement were leased by defendant K & S Deli Corp.

The cause of action at issue on this appeal is brought by plaintiffs pursuant to a special statutory right established by General Municipal Law § 205-a, which provides: "In addition to any other right of action or recovery under any other provision of law, in the event any accident, causing injury, death or a disease which results in death, occurs directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus, the person or persons guilty of said neglect, omission, willful or culpable negligence at the time of such injury of death shall be liable to pay any officer, member, agent or employee of any fire department injured, or whose life may be lost while in the discharge or performance of any duty imposed by the fire commissioner, fire chief or other superior officer of the fire department, or to pay to the wife and children, or to pay to the parents, or to pay to the brothers and sisters, being the surviving heirs-at-law of any deceased person thus having lost his life, a sum of money, in case of injury to person, not less than one thousand dollars, and in case of death not less than five thousand dollars, such liability to be determined and such sums recovered in an action to be instituted by any person injured or the family or relatives of any person killed as aforesaid."

The defendants K & S Deli Corp. and Riggio Realty Corp. each interposed an affirmative defense, directed to all of plaintiffs' causes of action, alleging that plaintiff fireman's injuries were caused in whole or in part by his own culpable conduct. Plaintiffs moved to dismiss this affirmative defense insofar as it pertained to the cause of action brought pursuant to General Municipal Law § 205-a claiming that, since this is a special statutory cause of action grounded in strict liability, the defense of plaintiff's culpable conduct does not apply. Defendants, on the other hand, argued that General Munici-

pal Law § 205-a must be considered together with CPLR 1411 and that by virtue thereof plaintiff's contributory negligence should be a factor in determining the amount of damages recoverable.

In a thoughtful and well-reasoned opinion, the IAS Justice (Ethel Danzig) granted plaintiffs' motion and dismissed the affirmative defense to the extent it was addressed to the statutory cause of action. We agree that such affirmative defense should not apply to General Municipal Law § 205-a and affirm.

Under the common law, firefighters were held to have assumed the risk of their profession and were denied recovery for injuries sustained while combatting fires even though the owner of the premises on which the fire occurred was negligent in creating the condition that caused the accident. In order to ameliorate this harsh common-law rule, the Legislature in 1935 enacted General Municipal Law § 205-a creating a cause of action where there otherwise would be no right of recovery for an injured firefighter. *(Kenavan v City of New York,* 70 NY2d 558, 566, and cases cited therein.) Because General Municipal Law § 205-a is not grounded in the traditional standards of negligence and proximate cause but instead imposes a strict liability standard in any case where there is a reasonable connection between the violation of the statute and the injury, historically a plaintiff was not required to establish his freedom from contributory negligence to prevail in a cause of action under this statute *(see, Nykanen v City of New York,* 14 NY2d 697; *Lyden v Rasa,* 39 AD2d 716).

Defendants assert that the result should differ with the advent of comparative negligence. (CPLR art 14-A, enacted in 1975.) They argue that CPLR article 14-A applies to any action to recover damages for personal injury and that since comparative negligence has been applied in actions predicated on breach of warranty and various strict liability theories, as well as in traditional negligence actions, it should also be applicable to an action brought under General Municipal Law § 205-a.

In evaluating defendants' argument, it is important to note that, in distinction to actions such as those in strict products liability or for breach of warranty, an action brought pursuant to General Municipal Law § 205-a is a special statutory cause of action. In that regard, it is most analogous to an action brought under section 240 of the Labor Law, which imposes nondelegable duties on owners and contractors to provide safety for construction workers in the workplace and imposes

absolute liability upon owners or contractors who violate the statute. The Court of Appeals has held that since this section of the Labor Law imposes absolute liability and is a special statute to be liberally applied for its intended purpose of protecting workers from injury, the liability arising therefrom is ascribed without regard to concepts of care or the lack of it, and, consistent with the legislative intent to place ultimate responsibility for safety practices where such responsibility actually belongs, on the owner and general contractor instead of on workers, who " 'are scarcely in a position to protect themselves from accident' ", any contributory negligence of the injured worker is not permitted to be asserted as a defense. (*Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 520.)

General Municipal Law § 205-a is a similarly special statute which applies a standard of absolute liability on the building owner for any violation which is reasonably connected to the firefighter's injury. It expresses the legislative intent to protect firefighters from the special hazards arising from fighting fires in buildings with violations by creating a statute which imposes absolute liability on the building owner, irrespective of considerations of negligence, in precisely the same way as Labor Law § 240 imposes such liability on owners and contractors in the course of construction. The rationale which holds the defense of comparative negligence to be antithetical to the intended purposes of Labor Law § 240 is equally applicable with respect to the parallel intended purpose of General Municipal Law § 205-a.

The policy considerations which led to the creation of this statute over 50 years ago still apply. (*McGee v Adams Paper & Twine Co.,* 26 AD2d 186, *affd* 20 NY2d 921.) A firefighter still assumes the risks of grave injury in the ordinary course of the performance of the duties of fighting a fire, including risks resulting from the negligence of other parties. The defense of "assumption of the risk" continues to apply in a traditional negligence action, as does comparative negligence. General Municipal Law § 205-a, on the other hand, provides a right of action, based on absolute liability, when the firefighter faces the enhanced risk of injury as a result of a property owner's failure to comply with particular statutes or ordinances. If the defense of comparative negligence were permitted to be applied to the statutory cause of action under General Municipal Law § 205-a, it would render that statutory action indistinguishable from the negligence cause of action and would eviscerate the clear intent of this special statute to provide

protection to firefighters against specified hazards by permitting full recovery for injuries resulting from any such hazards.

Accordingly, the order striking the defense of plaintiff's culpable conduct should be affirmed. Concur—Kupferman, J. P., Ross, Carro, Ellerin and Rubin, JJ. *[See,* 141 Misc 2d 607.]

(REPUBLISHED)