■ WILSON LASALLE, Appellant, v J & T SAND AND GRAVEL, INC., et al., Respondents and Third-Party Plaintiffs-Respondents, and NEW YORK TRAP ROCK CORP. et al., Respondents. CITY OF NEW YORK, Third-Party Defendant-Respondent. (And Other Actions.)—Judgment, Supreme Court, Bronx County (Alexander A. DelleCese, J.), entered June 29, 1990, which, *inter alia,* awarded plaintiff-appellant LaSalle $5.6 million in damages; apportioned liability 26% each as against defendants, J & T Sand and Gravel, Inc. and New York Trap Rock Corp. and 48% as against plaintiff; and found in favor of defendants Louis Frisco and Con Agg Recycling as against plaintiff and dismissed the complaints as to these defendants, unanimously affirmed, without costs.

Plaintiff, a New York City police officer assigned to the Highway Unit, was seriously injured as the result of a chain reaction collision that occurred immediately after he and his partner had temporarily closed all three southbound lanes of the Major Deegan Expressway with various warning devices. The closing, which progressed from one to two to three lanes, was prompted by a missing sewer drain in the right hand lane resulting in a large hole in the roadway which posed a danger to motorists. The chain reaction was caused when a truck driven by defendant-respondent Louis Frisco, owned by defendant J & T and leased to Con Agg, was unable to stop in time and collided with numerous other stopped vehicles. On appeal, plaintiff challenges that part of the judgment which found in favor of defendants Frisco and Con Agg, and which found him 48% contributorily negligent. At the argument we were informed that plaintiff had settled his claims with defendants J & T and New York Trap Rock Corp.

We disagree with plaintiff that there was no rational basis to exonerate the truck driver. Conflicting evidence was presented at trial that created valid questions of fact as to whether the brake failure was unexpected, whether the weight and speed of the truck were excessive and whether the plaintiff's roadblock complied with proper police procedures. Thus, sufficient evidence existed to support the jury's findings of fact. *(See, Cohen v Hallmark Cards,* 45 NY2d 493, 499-500.) Other issues raised are mooted by the settlement accord. In this posture, we need not reach plaintiff's claim as to the

applicability of General Municipal Law § 205-e. Concur— Carro, J. P., Wallach, Kupferman, Asch and Kassal, JJ.