■ WILSON LASALLE, Appellant, v J & T SAND AND GRAVEL,

Inc., Defendant, and Louis D. Frisco et al., Respondents.— Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered May 16, 1992, which granted defendants-respondents' motions pursuant to CPLR 3211 (a) to dismiss the complaint as barred by res judicata, unanimously affirmed, without costs.

In the prior action involving the same parties (177 AD2d 265, lv denied 79 NY2d 755), the jury found defendant J & T Sand and Gravel 26% liable for plaintiff's injuries, and exonerated defendant Frisco of any negligence in the maintenance, operation and loading of the tractor trailer truck that caused the chain reaction collision resulting in plaintiff's injuries, thereby also exonerating Frisco's employer, defendant Con Agg Recycling Co. Plaintiff, whose injuries were sustained in the course of his employment as a police officer, argues that the instant action is not barred by the prior action since under General Municipal Law § 205-e, he has been given a new cause of action to the extent his injuries were caused by any negligence on defendants' part in failing to comply with Federal, State or local laws and/or ordinances. In enacting the new statute, however, the Legislature did not relieve police officers of the burden of proving causation or negligence. Because these issues were finally determined in the prior action, they may not be relitigated in this action under a new theory of liability. Concur—Milonas, J. P., Rosenberger, Kupferman, Asch and Kassal, JJ.