■ FRANK P. RAQUET et al., Respondents, v CAROL BRAUN et al., Appellants. FRANK P. RAQUET et al., Respondents, v CLIF-

FORD A. ZANE et al., Defendants, and LEONARD J. ZANE, Appellant. [607 NYS2d 799] —Order unanimously reversed on the law without costs, motions granted and complaint dismissed. Memorandum: Supreme Court erred in denying the motions for summary judgment made by defendants Carol Braun, J.M. Braun Builders, Inc., John Braun, Benito Olivieri, individually and doing business as Mason Construction, Inc., and Leonard J. Zane dismissing plaintiffs' causes of action asserting liability against defendants in common-law negligence and under General Municipal Law § 205-a. Plaintiff firefighter Frank P. Raquet was seriously injured and firefighter Mitchell Spoth died as a result of injuries received while fighting a fire at a commercial building when that structure's canopy roof collapsed outward and fell on them. Firefighters injured while extinguishing fires generally may not recover against the property owners or occupants whose negligence in maintaining the premises occasioned the fires *(see, Santangelo v State of New York,* 71 NY2d 393, 396; *Kenavan v City of New York,* 70 NY2d 558; *McGee v Adams Paper & Twine Co.,* 20 NY2d 921, *affg on opn below* 26 AD2d 186). Persons who choose to become firefighters assume the risks of fire-related injuries, including the risk of negligence of property owners and occupants in maintaining their premises *(see, Santangelo v State of New York, supra,* at 397; *McGee v Adams Paper & Twine Co.,* 26 AD2d 186, 190, *supra).* We conclude that the danger of being struck by the collapse of a building wall or roof at the scene of a fire is one of the particular dangers that firefighters are expected to assume as part of their duties *(see, Cooper v City of New York,* 81 NY2d 584; *McGee v Adams Paper & Twine Co., supra).*

Plaintiffs contend that defendants' alleged violation of State and town building codes in the renovation of the building gives rise to liability under General Municipal Law § 205-a. We disagree. Although General Municipal Law § 205-a was enacted to ameliorate the harsh results of the common-law "fireman's rule" *(see, Kenavan v City of New York, supra,* at 566), the scope of that statute is "not so far-reaching" as a literal reading of the statute tends to suggest *(Kenavan v City of New York, supra,* at 566). "[T]he statute affords firefighters protection from those premises harboring violations of safety provisions that create hazards additional to those that firefighters already face in their profession" *(Kenavan v City of New York, supra,* at 567). A violation of building codes that

are designed to prevent personal injury or property damage during the course of construction or demolition work relates only tangentially, if at all, to fire prevention, and a violation of those regulations would not necessarily " ' "create hazards additional to those that firefighters already face in their profession" ' " *(Sutherland v Hallen Constr. Co.,* 183 AD2d 887, 889, *lv dismissed* 81 NY2d 783). Here, plaintiffs seek to impose liability pursuant to the statute based upon a claimed violation of building and construction codes that occurred some 12 years prior to the fire. We conclude that such a violation would not "create hazards additional to those that firefighters already face in their profession" *(Kenavan v City of New York, supra,* at 567; *see, Sutherland v Hallen Constr. Co., supra).* (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Summary Judgment.) Present—Callahan, J. P., Green, Balio, Lawton and Boehm, JJ.