RONALD ZANGHI et al., Respondents, v NIAGARA FRONTIER TRANSPORTATION COMMISSION et al., Defendants, and GREYHOUND BUS LINES, INC., Appellant. [611 NYS2d 407] —Judgment unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: While patrolling the Niagara Transportation Authority bus terminal, plaintiff Ronald Zanghi, a police officer, slipped on a flat metal plate flush with the concrete surface of the docking area and sustained injuries to his left knee. The plate was concealed by snow that covered the entire area. Plaintiff was in charge of a police detail assigned to the terminal to maintain order during a strike of bus drivers employed by Greyhound Bus Lines, Inc. (Greyhound), which leased the terminal. When he fell, plaintiff was walking briskly toward a group of picketers to deter them from throwing snowballs at buses that were beginning to move out of the terminal. Supreme Court denied Greyhound's motion for summary judgment dismissing the complaint on the ground that the action was barred by the "fireman's rule". In a bifurcated trial, the jury found Greyhound 100% liable for plaintiff's injuries. We reverse.

In *Cooper v City of New York* (81 NY2d 584, 590), the Court of Appeals rejected the "separate and distinct" exception to the "fireman's rule", which it had previously applied to police officers *(see, Santangelo v State of New York,* 71 NY2d 393), and held that the determinative factor "is whether the injury sustained is related to the particular dangers which police officers are expected to assume as part of their duties" *(see also, Raquet v Braun,* 201 AD2d 910; *Clark v DeJohn,* 198 AD2d 818).

Plaintiff was present in the terminal in his capacity as a police officer to preserve the peace and to assure the safe passage of the Greyhound buses. He slipped and fell while walking quickly toward a group of picketers to prevent snowballs from being thrown at moving buses. The fact that his fall was caused by what plaintiff terms a "hidden hazard" does not take it out of the rule that the danger, " *'including the risk of negligence of property owners* and occupants in maintaining their premises' " *(Cooper v City of New York, supra,* at 589 [emphasis in original]), was one that he would be expected to assume as part of his police duties.

We, therefore, grant Greyhound's motion for summary judgment dismissing the complaint *(see,* CPLR 5501 [a] [1]). (Appeal from Judgment of Supreme Court, Erie County, Doyle, Jr., J.—Fireman's Rule.) Present—Pine, J. P., Balio, Lawton, Davis and Boehm, JJ.