■ FELIX T. MULLEN, Respondent, et al., Plaintiff, v ZOEBE, INC., et al., Defendants, and LI-VAR REALTY, Appellant. [613 NYS2d 272] —In an action to recover damages for personal injuries, etc., the defendant Li-Var Realty appeals from a judgment of the Supreme Court, Queens County (Durante, J.), entered June 28, 1993, which, upon a jury verdict, is in favor of the plaintiff Felix T. Mullen and against it in the principal sum of $2,327,669.89 ($360,000 representing damages for past pain and suffering, $177,914.89 representing damages for past loss of earnings, $1,350,000 representing damages for future pain and suffering, and $439,755 representing damages for future loss of earnings).

Ordered that the judgment is modified, on the facts and as a matter of discretion, by reducing the principal sum awarded to the plaintiff Felix T. Mullen to the principal sum of $617,669.89 representing damages for past and future loss of earnings and adding thereto a provision severing the plaintiff Felix T. Mullen's claims for damages for past and future pain and suffering and granting a new trial with respect thereto unless the plaintiff Felix T. Mullen shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation, signed by him, consenting to decrease the award of damages for past pain and suffering from the principal sum of $360,000 to the principal sum of $150,000, to decrease the award of damages for future pain and suffering from the principal sum of $1,350,000 to the principal sum of $500,000, and to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed, without costs or disbursements. The plaintiff Felix T. Mullen's time to serve and file a stipulation is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry. In the event the plaintiff Felix T. Mullen so stipulates, then the judgment in his favor, as so reduced and amended, is affirmed, without costs or disbursements.

In the exercise of our factual review power, we find that the award of damages for past pain and suffering materially deviates from what would be reasonable compensation to the extent that the award exceeds $150,000 *(see,* CPLR 5501 [c]). We also find that the award of damages for future pain and suffering is excessive to the extent that it exceeds the sum of $500,000 *(see,* CPLR 5501 [c]). For these reasons, we order a new trial on the issue of damages unless the plaintiff stipulates to the entry of a new judgment based on these reduced awards.

Moreover, we find that the trial court properly denied the appellant's request to charge the jury that comparative negligence applied to the plaintiff's claim pursuant to General Municipal Law § 205-a. Neither comparative negligence nor assumption of the risk may be interposed as an affirmative defense to a claim that is asserted pursuant to General Municipal Law § 205-a *(see, Lusenskas v Axelrod,* 183 AD2d 244; *Johnson v Riggio Realty Corp.,* 153 AD2d 485). Sullivan, J. P., Balletta, Joy and Friedmann, JJ., concur.