*108 OPINION OF THE COURT
Raymond E. Cornelius, J.
This personal injury action results from an accident occurring on October 28, 1988, at which time the plaintiff, Earl Clark, was struck by an automobile, operated by the defendant, Virginia DeJohn, and owned by the defendant, Frank T. DeJohn. In addition to the cause of action brought by the injured party, the plaintiff, Christine Clark, has made a claim for loss of services, society, companionship and consortium. The defendants have interposed an answer, which contains affirmative defenses of comparative negligence and assumption of risk. A motion has now been made, pursuant to CPLR 3211 (b), for dismissal of these affirmative defenses.
The facts, underlying the claims, are contained in a decision of another part of this court, dated December 9, 1992, in regard to an earlier proceeding involving the same case. According to this decision, the plaintiff, Earl Clark, a former Cayuga County Deputy Sheriff, had been called to the scene of an accident on Route 31. Mr. Clark allegedly contacted a tow truck operator, who was a named defendant, to remove a vehicle from its position on a guardrail. As the vehicle was being removed from this location with a tow truck, which was owned by another named defendant, Mr. Clark was allegedly forced into traffic where he was struck by the vehicle driven by the defendant, Virginia A. DeJohn.
In the earlier proceeding, all of the named defendants had made motions for summary judgment, premised upon Santangelo v State of New York (71 NY2d 393 [1988]). In this decision, the Court of Appeals extended the so-called "fireman’s rule” to police officers injured in the line of duty. This rule, which precluded firefighters from recovering damages against property owners or other occupants of premises whose negligence, in maintaining the premises, occasioned fires, was based upon liability principles of assumption of risk, as well as policy considerations. Nevertheless, all of the respective motions for summary judgment, in the pending case, were denied on the basis of the "separate and distinct” exception to the "fireman’s rule”. Up to this point in time, appellate courts had recognized this exception, which permitted firefighters or *109 police officers to seek recovery for acts of negligence, which may have been separate and distinct from the negligence creating the necessity for the injured parties’ services, in the first instance. (See, e.g., Guadagno v Baltimore & Ohio R. R. Co., 155 AD2d 981 [4th Dept 1989].) However, this exception to the "fireman’s rule” was rejected by the Court of Appeals in Cooper v City of New York (81 NY2d 584). Accordingly, the decision, which had earlier denied summary judgment, in the pending case, was subsequently reversed and an order made dismissing the complaint. (Clark v DeJohn, 198 AD2d 818 [4th Dept 1993], lv denied 83 NY2d 940 [1994].)
During the pendency of the original action, plaintiffs had also made a motion for leave to amend the complaint to allege a cause of action under General Municipal Law § 205-e. This motion was granted in regard to the claims against the driver of the vehicle, but denied for the remaining defendants, based upon a finding of lack of merit. The decision, in connection with this motion, indicates that the plaintiffs claim that the defendant, Virginia A. DeJohn, had violated section 1180 (a) and section 1146 of the Vehicle and Traffic Law. Following the Appellate Division’s decision, the plaintiffs submitted an amended complaint against the defendants, Virginia A. DeJohn and Frank T. DeJohn, which recited that the respective causes of action were being brought pursuant to General Municipal Law § 205-e (1) and (2).
In relevant part, General Municipal Law § 205-e (1) provides as follows: "In addition to any other right of action or recovery under any other provision of law, in the event any accident, causing injury * * * occurs directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus, the person or persons guilty of said neglect, omission, willful or culpable negligence at the time of such injury or death shall be liable to pay any officer, member, agent or employee of any police department injured * * * a sum of money, in case of injury to person, not less than one thousand dollars”. The language of this statute, as quoted, is essentially the same as General Municipal Law § 205-a, which grants a cause of action to firefighters for injuries likewise resulting from violation of a legislative act or administrative *110 regulation.* This particular section of the General Municipal Law was enacted by the Legislature (L 1935, ch 800, as amended by L 1936, ch 251) in an effort to "ameliorate the harsh result of the common-law rule,” which has been referred to as the "fireman’s rule”, and, thus, created a statutory cause of action for firefighters, notwithstanding the fact that such claim was not recognized at common law. (Kenavan v City of New York, 70 NY2d 558, 566 [1987].) Furthermore, this statute has been interpreted as imposing strict liability upon a defendant, who violates an applicable law or regulation, and, accordingly, culpable conduct, based upon the plaintiff’s own contributory negligence and/or assumption of risk, may not be interposed as a defense. (See, Mullen v Zoebe, 205 AD2d 598 [2d Dept 1994]; Lusenskas v Axelrod, 183 AD2d 244 [1st Dept 1992]; Johnson v Riggio Realty Corp., 153 AD2d 485 [1st Dept 1989], lv dismissed 74 NY2d 945 [1989].) Plaintiffs, in the pending case, contend that the same principles should apply to General Municipal Law § 205-e.
Admittedly, General Municipal Law § 205-a has been somewhat more narrowly construed than would be indicated by a review of its text. For example, this section has been held to afford protection only for firefighters who sustained injuries while performing official duties on premises where the owner or other person in control violates some law or rule involving the maintenance or safety of the premises, which may include, but is not necessarily limited, to violations of fire preventive regulations. (Kenavan v City of New York, supra.) As emphasized by the Court of Appeals, General Municipal Law § 205-a was designed to afford firefighters protection from violations of safety provisions, involving premises, which create hazards additional to those firefighters generally encounter in their profession. Thus, a violation of a building code designed to prevent personal injury during the course of construction has been held not to be the type of law designed to protect firefighters from the hazards additional to those which they already face in their profession. (Raquet v Braun, 201 AD2d 910 [4th Dept 1994].)
In contrast to the statutory cause of action for firefighters, liability to police officers, premised upon General Municipal Law § 205-e, does not appear to be limited to any particular *111 location, and, further, may involve violations of safety laws pertaining to activities not normally associated with police work, such as requirements for plating over excavation sites. (See, Hoehn v Consolidated Edison Co., 205 AD2d 734 [2d Dept 1994].) Nevertheless, in this court’s opinion, any distinction between General Municipal Law §§ 205-a and 205-e, in terms of their applicability based upon the differences in duties of firefighters and police officers, should not be dispositive of the question as to whether or not affirmative defenses of comparative negligence may be interposed to claims based upon the latter statute.
Under the provisions of both General Municipal Law §§ 205-a and 205-e, liability attaches upon a showing of a violation of an applicable law or regulation, resulting in injury to a member of the protected class, namely, a firefighter or police officer. Thus, and relevant to the facts of the pending case, an individual may be liable to a police officer for violations of the Vehicle and Traffic Law, which result in personal injury. (Maisky v Towner, 196 AD2d 532 [2d Dept 1993].) Counsel for the defendants, Virginia A. DeJohn and Frank T. DeJohn, rely upon a statement contained in another decision, involving General Municipal Law § 205-e, that "[i]n enacting the new statute, however, the Legislature did not relieve police officers of the burden of proving causation or negligence.” (LaSalle v J & T Sand & Gravel, 190 AD2d 638, 639 [1st Dept 1993].) Nevertheless, as with actions commenced pursuant to General Municipal Law § 205-a, "[t]he appropriate line of inquiry [should be] to what extent” the statute "requires a plaintiff to demonstrate negligence”. (Lusenskas v Axelrod, 183 AD2d, supra, at 247.) In this regard, it is important to emphasize that neither statute was a codification of liability based upon a common-law duty, but rather, creates a statutory cause of action any time there is a personal injury to a member of one of the protected classes resulting from a violation of an applicable law or regulation. As noted in at least one decision, involving General Municipal Law § 205-a, these types of statutory causes of action have historically not required a plaintiff to demonstrate freedom from contributory negligence. Any contrary ruling, based upon the enactment of the comparative negligence statute (CPLR art 14-A), would render such statutory action indistinguishable from the common-law cause of action for negligence, which has now been barred under the previously discussed "fireman’s rule”. (Johnson v Riggio Realty Corp., supra.)
*112 Based upon the foregoing, it is hereby ordered that plaintiffs’ motion to dismiss the affirmative defenses of comparative negligence and assumption of risk is granted and such defenses are hereby dismissed.

 General Municipal Law § 205-a was recently amended to substitute "firefighters” for the term "firemen”, and increased recovery in cases of personal injury from $1,000 to $10,000. (L 1992, ch 583, § 1.)