OPINION OF THE COURT
Marvin E. Segal, J.
This is a personal injury action arising from an alleged injury to a police officer. The complaint alleges that on March 1,1992, while operating a Village of Garden City Police Department vehicle, the plaintiff, Jeffrey Warner, was involved in a collision caused by a motor vehicle owned by the defendant, *852 Adelphi University (Adelphi), and operated by the defendant, Santo Novarro, within the course of his employment for Adelphi.
Plaintiffs first cause of action which sounded in common-law negligence was discontinued by stipulation. Plaintiffs second cause of action, which seeks relief pursuant to General Municipal Law § 205-e, sets forth that the plaintiff suffered personal injuries in the course of his employment due to the defendant driver’s failure to comply with various statutes, rules or ordinances. Plaintiff’s supplemental verified bill of particulars, dated January 27, 1995, identifies said statutes as Vehicle and Traffic Law §§ 1102, 1143, 1144, 1162, 1163, 1164, 1166 and 1173.
The defendants interposed an answer dated November 30, 1993 which includes a first affirmative defense of comparative negligence and a third affirmative defense of failure to mitigate damages by the failure to wear or use a seat belt, shoulder harness or other restraint.
The plaintiff now moves for an order pursuant to CPLR 3211 (b) striking the defendants’ first and third affirmative defenses. The plaintiff contends that General Municipal Law § 205-e imposes strict liability upon a defendant. The defendants contend that this is an issue of first impression and that General Municipal Law § 205-e should not be construed as a strict liability statute.
At common law, the "fireman’s rule”, pursuant to the doctrine of assumption of risk, denied firefighters and other public security employees the right to recover civil damages for injuries sustained in the course of their employment. (See, Zanghi v Niagara Frontier Transp. Commn., 85 NY2d 423, 438; Santangelo v State of New York, 71 NY2d 393, 397.) In 1935, the Legislature enacted General Municipal Law § 205-a to ameliorate the harsh effects of the common-law rule by imposing liability upon any person whose violation of a statute, ordinance or rule caused a "line of duty” injury to a firefighter (see, Zanghi v Niagara Frontier Transp. Commn., supra, at 441). The construction of General Municipal Law § 205-a is now well settled. It imposes premises-based liability upon persons who fail "to comply with the requirements of some statute, ordinances, or rule respecting the maintenance and safety of such premises” (Zanghi v Niagara Frontier Transp. Commn., supra, at 442, citing Kenavan v City of New York, 70 NY2d 558, 567), and the liability so imposed is strict and absolute and not subject to a comparative negligence or an as *853 sumption of the risk defense (Mullen v Zoebe, Inc., 205 AD2d 598; Lusenskas v Axelrod, 183 AD2d 244; Johnson v Riggio Realty Corp., 153 AD2d 485).
In July 1989, the Legislature enacted General Municipal Law § 205-e in response to Santangelo v State of New York (71 NY2d 393, supra), wherein the Court of Appeals precluded a police officer from recovering damages for line-of-duty injuries caused both by the State’s negligence and its failure to comply with applicable regulations (Santangelo v State of New York, supra, at 396). The memorandum of the State Executive Department issued when the statute was enacted (L 1989, ch 346) sets forth that section 205-e will provide "police officers or their representatives [with] the [same] right” accorded "firefighters” and "their representatives.” (1989 McKinney’s Session Laws of NY, at 2405.)
Subsequent to its enactment, General Municipal Law § 205-e was construed by some appellate and lower courts so as to afford a remedy only to police officers whose injuries were related to premises-based liability. (See, e.g., Ruotolo v State of New York, 151 Misc 2d 820, revd 187 AD2d 160.) Under such construction, clearly, neither comparative negligence nor assumption of the risk could be interposed as an affirmative defense.
Effective July 17, 1992, General Municipal Law § 205-e was amended (L 1992, ch 474) to clarify the Legislature’s intention to extend police officers’ remedies beyond the remedy for premises-based liability afforded to firefighters by General Municipal Law § 205-e (see, Zanghi v Niagara Frontier Transp. Commn., supra, at 445) so as to impose liability upon any person whose violation of a statute, ordinance, rule, order or requirement caused injury to a police officer while in the discharge or performance at any time or place of any duty imposed by the officer’s employment. This law is now well settled (see, e.g., Malsky v Towner, 196 AD2d 532; Santangelo v State of New York, 193 AD2d 25; Desmond v City of New York, — AD2d —, NY Slip Op 07640 [2d Dept, Sept. 11, 1995]; Galapo v City of New York, — AD2d —, NY Slip Op 07644 [2d Dept, Sept. 11, 1995]).
There is, however, no appellate precedent, which construes General Municipal Law § 205-e as amended on July 17, 1992, as being a strict liability statute not subject to the comparative negligence principles codified in CPLR 1411. The issue was addressed by the Supreme Court, Cayuga County, in Clark v DeJohn (164 Misc 2d 107), which held General Municipal Law *854 § 205-e, like General Municipal Law § 205-a, to be a strict liability statute. This court respectfully disagrees.
Subsequent to the enactment of CPLR 1411 the Appellate Division, First Department, in Johnson v Riggio Realty Corp. (supra), analyzed the effect of the enactment of CPLR 1411 on General Municipal Law § 205-a actions and held that because General Municipal Law § 205-a related to premises-based liability it was most analogous to an action brought under Labor Law § 240 which imposes nondelegable, absolute liability upon premises owners (Johnson v Riggio Realty Corp., supra, at 487, 488). The Court stated that "[t]he rationale which holds the defense of comparative negligence to be antithetical to the intended purposes of Labor Law § 240 is equally applicable with respect to the parallel intended purpose of General Municipal Law § 205-a”. (Johnson v Riggio Realty Corp., supra, at 488.) The intended purpose referred to by the Court is the intent of Labor Law § 240 to impose absolute liability upon premises owners for statutory violations irrespective of considerations of negligence (Johnson v Riggio Realty Corp., supra, at 488). The appellate decisions which follow Johnson (supra) in barring the affirmative defense of comparative negligence are premises-based liability actions.
While the law is now clear that the violation of a provision of the Vehicle and Traffic Law creates liability under General Municipal Law § 205-e, such liability remains subject to an affirmative defense of comparative negligence.
Pursuant to Labor Law § 240 an owner of premises is strictly liable for injuries caused by such owner’s violation of the statute irrespective of any negligence on the part of the owner. Similarly, an owner of premises is strictly liable under General Municipal Law §§ 205-a and 205-e for premises-based statutory violations irrespective of any negligence on the part of the owner.
An operator of a motor vehicle is not, however, liable under any analogous statute, ordinance, rule, regulation or requirement, absent negligence. Rather, it is the violation of the Vehicle and Traffic Law which constitutes negligence.
Premises-based liability is imposed irrespective of negligence. It is therefore improper to permit the use of the affirmative defenses in a premises-based liability action. Operators of motor vehicles are liable for personal injuries caused by their negligence. It is therefore appropriate to permit a defendant to interpose an affirmative defense of comparative negligence in a General Municipal Law § 205-e action predicated upon a violation of the Vehicle and Traffic Law.
*855 The Court of Appeals has recently determined that liability may be imposed on the operator of an emergency vehicle as defined by Vehicle and Traffic Law § 1104, only upon proof that said operator recklessly disregarded the safety of the others (Saarinen v Kerr, 84 NY2d 494; Campbell v City of Elmira, 84 NY2d 505). Absent a rule of law which permits an affirmative defense under CPLR 1411, in a General Municipal Law § 205-e action predicated upon a violation of a provision of the Vehicle and Traffic Law, a defendant would not be permitted to assert a comparative negligence defense against a plaintiff who recklessly disregarded the safety of others, and whose conduct was perhaps more egregious than that of the negligent defendant.
Accordingly, plaintiff’s motion which seeks dismissal of defendant’s first affirmative defense is denied. The defendant’s third affirmative defense, which pleads failure to wear a seat belt relates to damages and not liability. The plaintiff’s motion pursuant to CPLR 3211 (b) for an order dismissing the third affirmative defense is denied without prejudice to plaintiff’s right to move for summary judgment pursuant to CPLR 3212, as to said affirmative defense.