■ MICHAEL J. MALZACHER et al., Appellants, v 100 AUDUBON CORPORATION, Respondent. [715 NYS2d 47] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered September 24, 1999, which, in an action by plaintiff firefighter to recover damages for injuries sustained while battling a three-alarm fire in a building owned by defendant, entered the jury's verdict in favor of defendant, unanimously reversed, on the facts, without costs, and the matter remanded for a new trial.

In this personal injury action alleging a violation of General Municipal Law § 205-a, the verdict in favor of defendant was "contrary to the conclusion that might fairly have been reached on the basis of the evidence" (*Nicastro v Park*, 113 AD2d 129, 136). The evidence at trial supports the jury's finding that defendant failed to install a self-closing door in the apartment in which the fire began, thereby violating Administrative Code of the City of New York § 27-371, which requires that self-closing doors be installed in a multiple dwelling. Defendant's expert failed to clearly rebut the opinion of plaintiff's expert that the absence of a self-closing door was reasonably connected to plaintiff's injury. Proof of a reasonable connection between the violation and the firefighter's injury is sufficient for recovery under General Municipal Law § 205-a (*Johnson v Riggio Realty Corp.*, 153 AD2d 485, *appeal dismissed* 74 NY2d 945). The determination of the jury was, therefore, contrary to the weight of the evidence. Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.