■ FRANK SARACINO, an Infant, by His Guardian ad Litem, MICHAEL SARACINO, Appellant, v. CITY OF NEW YORK, Respondent, et al., Defendant.— Judgment of the Supreme Court, Kings County, entered April 5, 1966, in favor of defendant City of New York upon the dismissal of the complaint at the close of plaintiff's case on a jury trial, affirmed, without costs. On August 5, 1956, plaintiff, then four and a half years old, visited a New York City park accompanied by his 11-year-old sister. While ascending the steps of a slide, his hand slipped off the railing a few steps from the top and he fell to the ground, sustaining personal injury. The slide was wet following a rainfall. As developed by the proof adduced at the trial, the liability of the defendant city was predicated primarily upon the theory of lack of supervision by the park attendant and obliquely upon the theory of alleged defective design of the slide. In our opinion, plaintiff failed to make out a prima facie case of action-

able negligence against the defendant City and, accordingly, the complaint was properly dismissed at the close of plaintiff's case. Absent expert proof of defective design, the other proof adduced in this regard was insufficient. In our view, in the context of the record, the Trial Justice did not abuse his discretion in denying plaintiff's motion to reopen the case for the purpose of producing expert testimony as to defective design of the sliding pond. The abortive attempt in this respect was an afterthought, resorted to when it became apparent that plaintiff's basic theory of lack of adequate supervision had failed. The duty of the defendant was to provide an adequate degree of " general superintendence " of recreation at the park; there was no duty to provide direct management of the apparatus by the attendant (*Peterson* v. *City of New York,* 267 N. Y. 204, 206; *Caldwell* v. *Village of Is. Park,* 304 N. Y. 268; 4B Warren's N. Y. Negligence, § 7.02). " ' To cast appellant in damages under the facts of this case would be imposing upon the city a responsibility greater than reasonable caution requires ' " (*Blume* v. *City of Newburgh,* 291 N. Y. 739, 740). Brennan, Acting P. J., Hopkins, Munder and Martuscello, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and grant a new trial against the City of New York, with the following memorandum: In my opinion plaintiff made out a prima facie case of actionable negligence against the defendant City of New York. It is beyond question that the City which extends an invitation to enter and use a recreational area owes a duty to those accepting that invitation to provide an adequate degree of general superintendence of recreation at the playground (*Peterson* v. *City of New York,* 267 N. Y. 204). Where the city provides a playground or recreation center and invites small children there to play, it assumes a duty to protect children of tender years and experience from its negligence (*Van Dyke* v. *City of Utica,* 203 App. Div. 26, 29). The majority points out that there was no duty on the part of the city to provide direct management of the apparatus by the attendant. I am in full accord with that proposition, but it is not relevant to the issues raised on this appeal. The testimony adduced at bar revealed that there had been a seven-hour rainfall which ceased shortly before the accident. When the four and a half year old infant plaintiff and his 11-year-old sister went to the park, there was no park attendant in view. The testimony established that the park attendant was in his office in the parkhouse at all times. Indeed, the park attendant was so cloistered in the parkhouse that he did not venture outside even after the infant sustained his injuries. It was undisputed that the cement floor of the playground was wet and all of the apparatus in the park was wet. In *Streickler* v. *City of New York* (15 A D 2d 927, 928), we properly stated: " A playground can be kept closed until the danger thereon is removed or otherwise disappears." In my opinion, viewing the facts in the aspect most favorable to plaintiff and indulging in every permissible inference from those facts in plaintiff's favor, as we are bound to do, the evidence adduced upon the trial clearly presented issues of fact which ought to have been submitted to a jury as to (1) whether the park attendant should have been outside of his parkhouse after the rainfall, warning youngsters of tender years and experience not to use the wet apparatus, and (2) whether the park attendant should have temporarily closed down the park until the dangerous condition (wet and slippery apparatus) had disappeared. It is clear that recreational apparatus may be rendered dangerous by weather conditions of rain, snow or sleet, as well as by disrepair. The duty of reasonable care should exist, however the hazard is created.