■ JOHN LYDEN, Appellant, v. SALVATORE RASA et al., Respondents.— In an action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered July 1, 1971, in favor of defendants, upon the trial court's dismissal of the complaint at the close of plaintiff's case at a jury trial on the issues of liability. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. Plaintiff, a captain in the New York City Fire Department, was injured in the course of duty while inspecting a vacant building owned by defendants. The accident occurred when he attempted to climb down the drop ladder of a fire escape while it was in a raised position. In that position, the ladder was suspended from a "gravity hook", over which one of the ladder's rungs had been placed. This hook had a shank four or five feet long which was attached to a ring bolt welded into a small steel plate which, in turn, was bolted to the floor of the third floor platform of the fire escape. While plaintiff was descending, the ring bolt pulled loose from the plate, causing the ladder and plaintiff to fall to the ground. The evidence showed plaintiff was using this unorthodox manner of leaving the building because it was impossible to enter or leave through the front door. The evidence also showed that

during his inspection plaintiff found that the entire fire escape was rusty and needed scraping and painting. In dismissing the complaint, the trial court rejected the two theories upon which plaintiff sought recovery, viz., common-law negligence and section 205-a of the General Municipal Law. This was error. Where a complaint has been dismissed, the evidence must be considered in the light most favorable to the plaintiff and he is entitled to the benefit of every favorable inference which can reasonably be drawn from the evidence (*Andersen* v. *Bee Line*, 1 N Y 2d 169, 172). It is our view that plaintiff established sufficient evidence of defendants' negligence and his own freedom from contributory negligence to go to the jury. The fire escape was rusty—a condition which did not occur overnight; and the only reason plaintiff used the fire escape was because the regular entrance was completely inaccessible. It is true he noticed the rust before using the ladder, but there was testimony that otherwise he " couldn't see anything else wrong with it." As for the statutory cause of action, section 205-a is to be construed liberally, keeping in mind that it was the stated intention of the Legislature to create a cause of action in cases of the prescribed violations (i.e., failure to comply with the requirements of any statutes, ordinances, etc., of the Federal, State, county, village, town or city governments or of any of their departments) where otherwise there would be no right of recovery for a fireman's injury (*McGee* v. *Adams Paper & Twine Co.*, 26 A D 2d 186, 194–95, affd. 20 N. Y. 2d 921). Plaintiff does not have to establish freedom from contributory negligence in an action under section 205-a (see *Nykanen* v. *City of New York*, 14 N Y 2d 697). The alleged statutory violation at bar was of former section C26–298.1 of the New York City Administrative Code, which required that all fire escapes, unless of noncorrodible material, be painted and maintained in good condition and free from rust and corrosion. Again, this evidence, viewed most favorably to plaintiff, was sufficient to go to the jury under section 205-a (see, generally, *Carroll* v. *Roman Catholic Diocese of Rockville Centre*, 26 A D 2d 552, affd. 19 N Y 2d 658). Munder, Acting P. J., Shapiro, Christ and Benjamin, JJ., concur; Martuscello, J., concurs in result, with the following memorandum: I agree with the majority to the extent that it holds a new trial is required on plaintiff's claim under section 205-a of the General Municipal Law, since contributory negligence is not a bar to recovery thereunder. Insofar as the majority holds that a new trial is required on the negligence cause of action, I disagree. The evidence clearly established that plaintiff used the drop ladder for a purpose it was not intended for at a time when there was no emergency which required him to do so (*Gaspar* v. *Ford Motor Co.*, 13 N Y 2d 104; *Borshowsky* v. *Altman & Co.*, 280 App. Div. 599, affd. 306 N. Y. 798; *Masciarelli* v. *Powell*, 30 A D 2d 342, affd. 23 N Y 2d 929).