■ THOMAS ZITI et al., Respondents, v JAMES L. BROWN et al., Appellants. — In an automobile negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Kings County (Kartell, J.), dated May 10, 1983, which denied their motion for summary judgment dismissing the complaint. ¶ Order reversed, on the law, with costs to defendants payable by Mot Cab Corp., motion granted, and complaint dismissed. ¶ Thomas Ziti was injured when the taxicab he was driving was struck by a van driven by defendant Michael Brown and owned by defendant James L. Brown. Thereafter Ziti and his wife commenced this action to recover damages for personal injuries, loss of services, etc. In their bill of particulars plaintiffs alleged that defendants were negligent. ¶ However, when defendants moved for summary judgment on the ground that the accident was caused solely by their van being thrown into the taxicab by the impact of an unknown vehicle which fled the scene of the accident, plaintiff Thomas Ziti submitted affidavits which supported defendants' contention that they were not negligent and requested that defendants' motion be granted. ¶ The motion

for summary judgment was denied without prejudice to renewal upon completion of discovery. Defendants made a second motion for summary judgment after Thomas Ziti's testimony at an examination before trial supported defendants' explanation of the accident. Again the motion was denied. Defendants appeal from the order denying this second motion for summary judgment. We reverse. ¶ Since plaintiff Thomas Ziti has already stated in affidavits submitted in response to defendants' motions for summary judgment, and in his examination before trial, that he has no evidence of defendants' negligence, it would be futile to require the parties to go through a trial (cf. *Andre v Pomeroy,* 35 NY2d 361). ¶ Although not a party to this action, Mot Cab Corp., the owner of the taxicab Thomas Ziti was driving at the time of the accident, was permitted to participate in the summary judgment motions. However, Mot did not participate in any discovery. Thus, this determination is not binding on Mot with respect to the resolution of plaintiffs' uninsured motorist claim against it, in its status of self-insurer, and of Mot's claim against defendants for property damage (*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65). Mangano, J. P., O'Connor, Boyers and Eiber, JJ., concur.