■ GRACE ZINO, as Executrix of JOSEPH F. ZINO, Deceased, Respondent, v CITY OF NEW YORK, Appellant. — In an action to recover damages for wrongful death allegedly resulting from an improperly installed electrical outlet, defendant City of New York appeals from a judgment of the Supreme Court, Kings County (Morton, J.), entered November 18, 1983, upon a jury verdict in favor of the plaintiff.

Judgment affirmed, with costs.

Plaintiff's decedent, Joseph F. Zino, was a fire fighter employed by the New York City Fire Department. On September 15, 1979, Mr. Zino approached an electrical outlet in the kitchen area of the firehouse to which he was assigned, with the stated intention of removing a coffee pot plug therefrom. Two witnesses, Sikorski and Fitzgerald, were standing behind Mr. Zino. Sikorski saw Mr. Zino collapse. Fitzgerald said Mr. Zino "suddenly came back at" him and then fell to the floor. The deceased showed no vital signs and did not respond to attempts to revive him. The plug was out. Two days later, Anthony Botta, an electrician employed by the New York City Fire Department, inspected the subject outlet and determined that it had been improperly installed in that it was not grounded. He also determined that all other outlets on that circuit were likewise ungrounded. At trial, the city defended on the theory that Mr. Zino suffered a fatal heart attack as he was about to pull the plug out. The jury found in favor of plaintiff on two causes of action, one for common-law negligence, the other for statutory liability under General Municipal Law § 205-a.

Appellant City of New York argues that plaintiff failed to make a prima facie showing that (1) the subject outlet was defective on the date of Mr. Zino's death, and (2) the city had notice of such defect. The city contends the trial court erred in denying its motion to dismiss.

We disagree. Sikorski was a captain assigned to that particular firehouse in 1976 and at all times here pertinent. He testified that the condition of the subject outlet was the same in 1976 as it was the day Mr. Zino died and two days later when the electrician determined that the outlet had been improperly installed. In addition, the city was served with a notice to produce maintenance records for the firehouse. It failed to produce the original records, but did produce a copy redacted to conceal dates prior to September 1977. Testimony revealed that Botta had recommended rewiring the entire firehouse, including the kitchen area, in 1976, but that no such work was done prior to Mr. Zino's death. The court therefore instructed the jury that it could draw inferences about the contents of the original document adverse

to the city; the jury might properly have inferred that the missing portion of the document contained evidence that the outlet in question had been ungrounded since 1976.

With respect to the city's argument that plaintiff failed to make a prima facie showing that the city had notice of a defective condition existing with respect to the outlet, the uncontradicted evidence was that the outlet and the timer connected to it were installed by agents of the city. Where a dangerous condition has been created by the defendant itself, such constitutes actual notice sufficient to establish a prima facie case (*Dowling v Woolworth Co.,* 16 AD2d 672; *Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, 249, *affd* 64 NY2d 670).

In view of the above we find it unnecessary to decide whether General Municipal Law § 205-a is applicable to the instant facts. Thompson, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.