JAMES D. LUSENSKAS, Appellant, v BERNARD M. AXELROD et al., Respondents.

First Department, November 10, 1992

## APPEARANCES OF COUNSEL

*Stephen C. Glasser* of counsel *(Marshall M. Kolba* with him on the brief; *Sullivan & Liapakis, P. C.,* attorneys), for appellant.

*David Samel* of counsel *(Jeffrey Samel & Associates,* attorneys), for respondents.

## OPINION OF THE COURT

RUBIN, J.

Plaintiff, an employee of the Fire Department of the City of New York, was injured while fighting a blaze at a building owned by the individual defendants and managed by the corporate defendant. Plaintiff alleges that his injuries were sustained as a result of defendants' failure to properly maintain a self-closing hinge on the door of apartment 8B, the location in which the fire originated, with the result that the door did not close after the tenant fled, allowing uncontrolled spread of the fire to the corridor. When the door from the stairway to the hall was opened by responding firefighters, plaintiff was hit with a blast of superheated air. Making his way to the apartment on his stomach, plaintiff found the door wide open. Plaintiff commenced the instant action pursuant to General Municipal Law § 205-a, contending that defendants' failure to equip and maintain the door with a self-closing hinge in compliance with New York City Building Code (Administrative Code of City of NY) § 27-371 contributed to his injuries.

At trial, defendant Bernard M. Axelrod testified that the tenants in the building complex remove the pins which engage the spring on the hinges, defeating the self-closing feature, because the hinges cause the apartment doors to slam shut, making "a lot of noise". He further testified that maintenance personnel had his instructions to inform tenants not to tamper with the self-closing doors; that he may have sent correspondence to the tenants, advising them of the potential hazard; that pins were replaced and the hinges reset "on a routine basis"; that this was "a very quick minor matter" and was not documented; and that he was aware that removal of the pin by tenants was a "relatively longstanding" condition, leading him to "suspect that almost every tenant in the project has removed it."

Supreme Court charged the jurors that, in order to recover damages under the statute, plaintiff must demonstrate that

defendants had actual or constructive notice of the defective condition of the particular door alleged to be at fault, the door to apartment 8B. The court delivered a supplemental instruction directing the jurors not to consider the condition of other doors in the apartment complex in determining whether defendant had constructive notice, stating, "we are not interested in the seventy to eighty per cent of the apartments and knowledge concerning those apartments. We are only interested in the condition at Apartment Eight B and what the proof was concerning the condition at Eight B. It makes no difference, I told you, what may have been at any other place."

The jury returned a special verdict, answering "yes" to the question, "Did the Plaintiff meet his burden of proof by showing that the door in Apartment 8B did not meet the requirements of Building Code § 27-371?" and "no" to the question, "Did the Plaintiff sustain his burden of proof by showing that the Defendant had actual or constructive notice of the condition of the door in Apartment 8B?" Supreme Court therefore entered judgment dismissing the complaint.

On appeal, plaintiff argues that the court's charge with respect to notice was erroneous because General Municipal Law § 205-a is a "strict liability" statute. Alternatively, plaintiff contends that, to the extent notice of the defective condition is necessary, testimony regarding the tenants' practice of defeating the self-closing feature of the apartment door hinges constitutes constructive notice thereof.

General Municipal Law § 205-a imposes liability where injury to a fireman "occurs directly or indirectly" from failure of the defendant to comply with a statutory or regulatory provision respecting the safety and maintenance of premises (*Kenavan v City of New York,* 70 NY2d 558, 567). The statute is construed to grant a right of recovery, in addition to any other provided for by law, to any employee of any fire department in the event injury is sustained in the line of duty where the accident causing injury "directly or indirectly" results from "any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes" or other provisions of law affecting the condition of premises.

This Court has interpreted the statute "to impose liability in any case where there is any practical or reasonable connection between a violation and the injury or death of a fireman"

*(McGee v Adams Paper & Twine Co.,* 26 AD2d 186, 195). Similarly, in *Johnson v Riggio Realty Corp.,* (153 AD2d 485, 487, *lv dismissed* 74 NY2d 945), in which this Court rejected as inapplicable the affirmative defense of plaintiff's own culpable conduct, we observed that "General Municipal Law § 205-a is not grounded in the traditional standards of negligence and proximate cause but instead imposes a strict liability standard in any case where there is a reasonable connection between the violation of the statute and the injury". Plaintiff cites these cases and others for the proposition that notice is immaterial to recovery under the statute.

Defendants, on the other hand, cite the Appellate Division, Second Department's ruling in *Marquart v Yeshiva Machezikel Torah D'Chasidel Belz* (53 AD2d 688) in support of their position that notice to the defendant of the actual defective condition is a prerequisite to recovery under the statute. In *Marquart (supra),* the defect which caused injury was preexisting at the time the Yeshiva purchased the subject building from the City of New York. Moreover, the defect was latent: "There was expert testimony that the defect, as far as a layman was concerned, was a hidden one and could not have been discovered by a layman, even by an inspection. There was no evidence in the record to indicate that the Yeshiva was ever put on actual or constructive notice of the existence of the defect. Accordingly, there was sufficient evidence in the record to warrant the jury's finding in its favor" (53 AD2d, at 690). Defendants cite *Marquart* for the proposition that recovery under General Municipal Law § 205-a requires a plaintiff to prove notice of the condition from which injury results.

There is some merit to the position advocated by either party, as demonstrated by the authority cited. However, confusion arises because of the parties' tendency to construe the statute in the context of common-law tort theory, thus framing the inquiry in terms of whether it requires notice or imposes "strict liability". Having posed the wrong question, the answer each proposes is less than enlightening.

The appropriate line of inquiry is to what extent General Municipal Law § 205-a requires a plaintiff to demonstrate negligence in order to recover statutory damages from a defendant. The statute is not, as defendants intimate, merely a codification of common-law negligence principles. As this Court observed in *McGee v Adams Paper & Twine Co.* (26 AD2d, at 195, *supra),* "it is not necessary that the plaintiff show 'the same degree of proximate causal connection which

we are accustomed to require in the field of negligence' " (quoting *Daggett v Keshner,* 284 App Div 733, 736 [Breitel, J.]), only a "practical or reasonable connection" between the injury sustained and the violation of a statute or regulation *(McGee v Adams Paper & Twine Co.,* 26 AD2d, at 195). Similarly, certain defenses normally available in a common-law tort action have no application to claims made pursuant to General Municipal Law § 205-a. Thus, neither contributory negligence nor assumption of risk may be interposed as affirmative defenses *(Nykanen v City of New York,* 14 NY2d 697, *affg no opn* 19 AD2d 535; *Lyden v Rasa,* 39 AD2d 716), and intervening illegal acts are no defense to statutory liability *(see, Daggett v Keshner, supra).* To this extent, liability may be said to be "strict" *(Johnson v Riggio Realty Corp., supra).*

Plaintiff's position "that notice of the violation is *not* a requisite element of a cause of action under General Municipal Law 205-a" is, however, an overstatement. Notice is clearly material to recovery under the statute. For example, in *Mazelis v Wallerstein* (51 AD2d 579, 580), in which an unsafe building caught fire and collapsed injuring a fireman, the Court emphasized "that both defendants had actual and constructive knowledge of the building's condition" prior to the fire. However, while notice of the violation is an essential element of recovery, it is clear that it may be inferred. In *Lyden v Rasa (supra,* 39 AD2d, at 717), in which the plaintiff was injured while attempting to exit a vacant building using the fire escape ladder which collapsed under his weight, the Court found the evidence sufficient to support recovery under the statute, noting, "The fire escape was rusty—a condition which did not occur overnight".

The conclusion to be drawn is that notice is material to recovery under General Municipal Law § 205-a. However, to be sufficient under the statute, it is not necessary that the plaintiff prove such notice as he would be required to demonstrate in order to recover under a theory of common-law negligence, viz., actual or constructive notice of the particular defect on the premises causing injury. The statute requires only that the circumstances surrounding the violation of "some statute, ordinance, or rule respecting the maintenance and safety of such premises" *(Kenavan v City of New York,* 70 NY2d 558, 567, *supra)* indicate that the violation was, in the words of the statute, "a result of any neglect, omission, willful or culpable negligence" on the defendant's part. Thus, *Marquart v Yeshiva Machezikel Torah D'Chasidel Belz* (53 AD2d

688, *supra)* is entirely consistent with the construction of the statute reflected in the various decisions by this and other appellate courts. Where, as in *Marquart,* a defendant could not have known of the existence of a condition which constitutes a violation of a statute or regulation concerning the safety of the premises, the requisite culpability for the applicable violation is lacking, and plaintiff has not met his burden for the recovery of statutory damages.

In the matter under review, there is ample evidence to indicate that defendants were fully cognizant of the hazard represented by the removal of pins from the self-closing hinges. Given the extent of the problem (which seems to have been a common practice throughout the apartment complex) and its duration, defendants' failure to effectively remedy the violation is sufficient to constitute "culpable negligence" within the contemplation of the statute. The testimony given by defendant Bernard Axelrod concerning his knowledge of the condition is entirely pertinent to the question of defendants' culpability, and Supreme Court's supplemental instruction that the jurors disregard it was error.

Accordingly, the judgment of the Supreme Court, New York County (Alfred Toker, J.), entered June 25, 1991, which dismissed the complaint upon a jury verdict rendered in favor of defendants, should be reversed, on the law, without costs, the judgment vacated, and the matter remanded to Supreme Court for a new trial.

SULLIVAN, J. P., CARRO and ASCH, JJ., concur.

Judgment of the Supreme Court, New York County, entered June 25, 1991, which dismissed the complaint upon a jury verdict rendered in favor of defendants, is reversed, on the law, without costs, the judgment vacated, and the matter remanded to Supreme Court for a new trial.