■ DIANA ROSARIO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [626 NYS2d 242] —In a negligence action to recover damages for personal injuries, the plaintiff appeals

from an order of the Supreme Court, Kings County (Krausman, J.), dated October 22, 1993, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff slipped and fell as she descended a subway staircase while carrying her child in an infant stroller. The staircase allegedly was wet with rainwater due to its exposure to the elements. The plaintiff contends that a dangerous condition was created by the rainwater that had collected on the staircase and that the dangerous condition was caused by the defendant's negligence.

It is beyond cavil that in order to demonstrate a prima facie case of negligence based upon an unsafe condition not created by the defendant a plaintiff must demonstrate that the defendant had either actual or constructive notice of the condition *(see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Herman v State of New York,* 63 NY2d 822; *Edwards v Terryville Meat Co.,* 178 AD2d 580; *Paolucci v First Natl. Supermarket Co.,* 178 AD2d 636). Even assuming the water created an unsafe condition, there is no evidence that it remained on the staircase for a sufficient length of time to permit the defendant to discover the condition *(see, Gordon v American Museum of Natural History, supra,* at 837). Furthermore, there is no evidence that the defendant was actually notified that the staircase had accumulated water. Under these circumstances, the plaintiff has failed to demonstrate that the defendant had actual or constructive notice of an allegedly dangerous condition on the staircase *(see, Fasolino v Charming Stores,* 77 NY2d 847; *Anderson v Klien's Foods,* 73 NY2d 835).

There is no merit to the plaintiff's contention that the staircase was improperly designed or constructed because it was partially open to the elements or because water allegedly accumulated on the steps when it rained. The plaintiff did not submit any expert information to support such a contention, and the plaintiff's mere allegations of a design defect are patently insufficient to raise a question of fact in this regard *(see, City of New York v Grosfeld Realty Co.,* 173 AD2d 436; *Saracino v City of New York,* 30 AD2d 853, 854, *affd* 23 NY2d 938). Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.