■ KEVIN McCULLAGH, Respondent, v OLDEN D. McJUNKIN et al., Appellants. [659 NYS2d 309] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Polizzi, J.), dated March 4, 1996, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff, a firefighter, was allegedly injured when, while fighting a fire at premises owned by the defendant, Olden D. McJunkin, he slipped on a white plastic bag on the roof. His complaint, *inter alia*, asserted a cause of action to recover damages under General Municipal Law § 205-a, asserting that the failure to comply with certain sections of the Administrative Code of the City of New York caused his injuries. The defendants moved for summary judgment dismissing the complaint on the ground that no part of the Code had been violated. The court denied the motion on the ground that issues of fact as to possible violations existed. We reverse.

Contrary to the conclusion of the Supreme Court that triable issues of fact exist as to whether the defendants violated Administrative Code of the City of New York § 27-2010, summary judgment dismissing the complaint should have been granted here. There is no evidence that the defective condition which allegedly caused the plaintiff's injury, namely, the existence of a plastic bag on the roof of the premises, either was created by the defendants, or that they had notice thereof. Accordingly, the requisite element of notice is absent (*see, Lusenskas v Axelrod*, 183 AD2d 244; *see also, Zino v City of New York*, 111 AD2d 847, 848).

Although in an action pursuant to General Municipal Law § 205-a, it is not necessary for the plaintiff to prove such notice as would be required for recovery under a common-law theory of negligence, the statute still requires that the circumstances surrounding the violation indicate that the violation was " 'a result of [some] neglect, omission, willful or culpable negligence' on the defendant's part" (*Lusenskas v Axelrod, supra,* at 248, citing General Municipal Law § 205-a). Since there is no evidence here that the defendants either created or knew of the condition constituting the violation, "the requisite culpabil-

ity for the applicable violation is lacking, and plaintiff has not met his burden for the recovery of statutory damages" (*Lusenskas v Axelrod, supra,* at 249).

Similarly, in the absence of any evidence indicating that the defendants had created the defective condition or had actual or constructive notice thereof, we conclude, upon searching the record, that the causes of action to recover damages based on common-law negligence must also be dismissed (*see, e.g., Scheddin v Stein,* 240 AD2d 720 [decided herewith]). Rosenblatt, J.P., Thompson, Sullivan and Friedmann, JJ., concur.