■ Lawrence Scheddin et al., Respondents, v Lillie Stein et al., Appellants. [660 NYS2d 1008] —In an action to recover damages for personal injuries, etc., the defendants appeal from

an order of the Supreme Court, Richmond County (Cusick, J.), dated April 19, 1996, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

General Obligations Law § 11-106 (L 1996, ch 703) provides that a police officer who is injured in the performance of his or her police duties, and whose injuries are proximately caused by the neglect, willful omission, or intentional, willful, or culpable conduct of any person or entity other than that of the police officer's employer or coemployee, may seek to recover damages from the person or entity whose conduct resulted in the injury. Accordingly, where, as here, the injured police officer asserts a claim against a private landowner for injuries which allegedly occurred on the landowner's premises, the common-law "firefighter's rule" no longer bars recovery.

Nevertheless, on this record, the defendants are entitled to summary judgment dismissing the complaint as there is no evidence indicating the existence of a triable issue of fact with respect to whether the defendants either created or had notice of the alleged defect, namely, the presence of a paint can on steps leading down from the roof of the premises to the sixth floor (*see, Sewer v Fat Albert's Warehouse,* 235 AD2d 414; *Rosario v New York City Tr. Auth.,* 215 AD2d 364). Accordingly, summary judgment should have been granted to the defendants (*see, Andre v Pomeroy,* 35 NY2d 361, 364; *Ziti v Brown,* 102 AD2d 825). Rosenblatt, J. P., Thompson, Sullivan and Friedmann, JJ., concur.