*575 In an action to recover damages for personal injuries, etc., the defendant Sea-Cargoes, Inc., the defendant Nicholas Govas, and the defendants Susan B. Borkow and Myles M. Behrens separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated April 12, 2001, as denied their motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, the defendant 98-100 Realty, LLC, separately appeals from so much of the same order as denied its motion for summary judgment dismissing the negligence cause of action insofar as asserted against it, the third-party defendant Rector Street Parking, Inc., separately appeals from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it, and the third-party defendant and third third-party defendant City of New York separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint, third third-party complaint, and all cross claims insofar as asserted against it.
*576 Ordered that the order is reversed insofar as appealed from, on the law, the motions are granted, the complaint and all cross claims are dismissed insofar as asserted against the defendants Sea-Cargoes, Inc., Nicholas Govas, Susan B. Borkow, and Myles M. Behrens, the negligence cause of action is dismissed insofar as asserted against the defendant 98-100 Realty, LLC, the third-party complaint and all cross claims are dismissed insofar as asserted against the third-party defendants Rector Street Parking, Inc., and the City of New York, and the third third-party complaint is dismissed insofar as asserted against the City of New York; and it is further,
Ordered that upon searching the record, the cause of action pursuant to General Municipal Law § 205-a and Administrative Code of the City of New York §§ 27-127 and 27-128 -is dismissed insofar as asserted against the defendant 98-100 Realty, LLC, the third third-party complaint is dismissed insofar as asserted against the defendant Rector Street Parking, Inc., the fourth third-party complaint is dismissed insofar as asserted against the City of New York, and the action against the remaining defendants is severed; and it is further,
Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.
On January 11, 1998, the plaintiff Brian Lustenring, in the course of his duties as a firefighter employed by the New York City Fire Department, responded to a fire at 98-100 Greenwich Street in Manhattan, a building owned by the defendant 98-100 Realty, LLC (hereinafter 98-100 Realty). He was injured when a cinderblock wall that he was climbing in an effort to reach a fire escape in the alleyway behind the building crumbled beneath him, causing him to fall. Lustenring and his wife commenced this action against 98-100 Realty and the other defendants, who owned buildings adjacent to the alleyway, based upon commomlaw negligence in failing to maintain the cinderblock wall in a safe condition and a violation of General Municipal Law § 205-a.
The defendants Sea-Cargoes, Inc. (hereinafter Sea-Cargoes), Nicholas Govas, and Susan B. Borkow and Myles M. Behrens, and the third-party defendant the City of New York met their burdens of proving entitlement to judgment as a matter of law. They submitted evidence that they did not own the subject wall, and therefore, could not be held liable for any purported dangerous condition upon it that caused Lustenring’s injuries. The plaintiffs failed to raise a triable issue of fact with regard to the ownership of or a duty to maintain the wall in question. Therefore, the claims asserted against them must be dismissed *577 (see Turcotte v Fell, 68 NY2d 432 [1986]; Cabales v Little League of Islips, 292 AD2d 329 [2002].
The claim pursuant to General Municipal Law § 205-a must be dismissed insofar as asserted against Sea-Cargoes, Go vas, Barkow and Behrens, and the City as well. That statute creates a cause of action for firefighters where injury results from the negligent failure to comply with local ordinances, and is predicated in this case upon purported violations of various provisions of the Administrative Code of the City of New York § 27-127 (general requirement to maintain buildings and their parts in a safe condition) and section 27-128 (owner responsibility for safe maintenance of a building and its facilities). Since Sea-Cargoes, Go vas, Barkow and Behrens, and the City met their burdens of proving that they did not own the wall in question and owed no duty to maintain it in a safe condition, the provisions of the Administrative Code relied upon by the plaintiffs do not apply to them. The record is also devoid of any admissible evidence that the City failed to properly train and equip Lustenring. Moreover, the derivative claim of Lustenring’s wife must be dismissed to the extent it is predicated on those claims.
The defendant 98-100 Realty met its burden of establishing entitlement to judgment as a matter of law with regard to the plaintiffs’ negligence cause of action. Although the plaintiffs submitted evidence sufficient to raise an issue of fact as to whether 98-100 Realty owned and was responsible for maintaining the subject wall, the plaintiff did not raise a triable issue of fact whether 98-100 Realty created or had actual or constructive notice of the purported dangerous condition of the wall (see Patrick v Bally’s Total Fitness, 292 AD2d 433 [2002]). The only evidence presented by the plaintiffs was a photograph of the site of the incident. A photograph may be used to prove constructive notice of an alleged defect shown in the photograph if it was taken reasonably close to the time of the accident and there is testimony that the condition at the time of the accident was substantially as shown in the photographs (see DeGiacomo v Westchester County Healthcare Corp., 295 AD2d 395 [2002]; Truesdell v Rite Aid of N.Y., 228 AD2d 922 [1996]). However, the plaintiffs never made this showing. Although Lustenring testified at an examination before trial that the photograph depicted the site of his accident, he did not testify that the condition of the wall as shown in the photograph was substantially the same as its condition on the date of his accident. In fact, he testified that it was “hard for [him] to say” whether there were any differences in the photograph and the way the wall looked at the time of the accident because he “wasn’t *578 concerned with the wall at the time” and “wasn’t even looking at it”. Therefore, the photograph was not competent evidence (see Saks v Yeshiva of Spring Val., 257 AD2d 615 [1999]). No other evidence was presented on the issue of constructive notice. Accordingly, the record does not contain evidentiary proof in admissible form to demonstrate a question of fact on the issue of constructive notice (see Saks v Yeshiva of Spring Val., supra; Truesdell v Rite Aid of N.Y., supra).
While, in an action pursuant to General Municipal Law § 205-a, it is not necessary for the plaintiff to prove such notice as would be required under a common-law theory of negligence, the statute still requires that the circumstances surrounding the violation indicate that it was a result of “neglect, omission, willful or culpable negligence on the defendant’s part” (McCullagh v McJunkin, 240 AD2d 713 [1997] [internal quotation marks omitted]; Lusenskas v Axelrod, 183 AD2d 244 [1992]). Since there is no evidence that 98-100 Realty either created or knew of the condition which allegedly constituted the violation, “the requisite culpability for the applicable violation is lacking” (McCullagh v McJunkin, supra at 713-714, quoting Lusenskas v Axelrod, supra at 249), and the plaintiffs did not meet their burden for the recovery of damages against it pursuant to General Municipal Law § 205-a or Administrative Code of the City of New York §§ 27-127 and 27-128.
The defendant Rector Street Parking, Inc. (hereinafter Rector Street), likewise established its entitlement to judgment as a matter of law by demonstrating that it neither created or had actual nor constructive notice of the alleged defect. In opposition, the plaintiffs failed to come forward with evidence sufficient to raise a triable issue of fact as to whether Rector Street violated any statutory or code provisions or whether any alleged violations, was the result of some neglect, omission, or culpable negligence on its part (see Williams v City of New York, 256 AD2d 332 [1998]). The derivative claim therefore also must be dismissed against the defendants 98-100 Realty and Rector Street. Ritter, J.P, Smith, S. Miller and Adams, JJ., concur.