■ ANDERSON ALEXANDER, Respondent, v CITY OF NEW YORK, Appellant. [920 NYS2d 148]—

The plaintiff, a former New York City Police Department (hereinafter NYPD) detective, accidentally shot himself in the knee in a precinct station house office. The plaintiff commenced this action seeking, inter alia, to recover damages for personal injuries pursuant to General Municipal Law § 205-e, based on a claimed violation of Labor Law § 27-a, which requires, among other things, that public employers furnish their employees with a place of employment free from hazards that are likely to cause death or serious physical harm. Specifically, the plaintiff asserted that this incident occurred when he leaned back in a swivel chair at an NYPD station house, in order to place a fellow officer's gun in his waistband. At trial, the plaintiff testified that, when he leaned back in the chair, he began to "fall back" and the chair "collapse[d]" or "did not hold [his] weight." While the plaintiff was falling, he accidentally pulled the trigger on the gun, causing it to fire. The plaintiff did not testify that the chair or part of the chair broke off or broke apart during this incident, and he testified that the back of the chair returned to its original position after the accident. He further testified that, prior to the accident, he had not observed any defective condition of this chair. At trial, although evidence was presented that another police detective had fallen out of a chair at the same station house approximately one or two years prior to the plaintiff's accident, no evidence was presented to show that the chair involved in the plaintiff's accident was the same type of chair as the one involved in the prior accident or that, prior to the plaintiff's accident, any employees of the NYPD had complained to supervisors about the plaintiff's chair. Moreover, the detective involved in the prior accident testified that he had not reported his accident, but simply replaced his chair with another. The jury returned a verdict in favor of the plaintiff.

In an action pursuant to General Municipal Law §§ 205-a or

205-e, a firefighter or police officer must establish that he or she was injured "as a result of any neglect, omission, willful or culpable negligence" of the defendant "in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments" (General Municipal Law § 205-a [1]; § 205-e [1]). In such an action, however, "it is not necessary for the plaintiff to prove such notice as would be required under a common-law theory of negligence." (*Lustenring v 98-100 Realty*, 1 AD3d 574, 578 [2003].) Rather, the plaintiff must only establish that "the circumstances surrounding the violation indicate that it was a result of neglect, omission, willful or culpable negligence on the defendant's part" (*id.* [internal quotation marks omitted]; *see Terranova v New York City Tr. Auth.*, 49 AD3d 10, 17-18 [2007]; *Anthony v New York City Tr. Auth.*, 38 AD3d 484, 486 [2007]; *McCullagh v McJunkin*, 240 AD2d 713 [1997]; *Lusenskas v Axelrod*, 183 AD2d 244, 248-249 [1992]). Here, the Supreme Court properly charged the jury in accordance with these principles.

Further, the Supreme Court did not err in charging the jury that the principles of comparative negligence are inapplicable to actions commenced pursuant to General Municipal Law § 205-e (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 83 [2003]; *Mullen v Zoebe, Inc.*, 86 NY2d 135, 142 [1995]; *O'Connor v City of New York*, 280 AD2d 309 [2001]; *Warner v Adelphi Univ.*, 240 AD2d 730, 731-732 [1997]).

However, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law. In evaluating the legal sufficiency of the evidence, a reviewing court must determine whether there is any "valid line of reasoning and permissible inferences which could possibly lead [a] rational [person] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Here, there was no valid line of reasoning which could have led to the conclusion that the claimed violation of Labor Law § 27-a resulted from the defendant's "neglect, omission, willful or culpable negligence" (General Municipal Law § 205-e [1]). Specifically, while a defendant's general knowledge of a recurring or similar condition may, under some circumstances, establish that the requisite notice of that condition existed for purposes of liability under General Municipal Law § 205-e (*see Terranova v New York City Tr. Auth.*, 49 AD3d at 17-18; *O'Grady v New York City Hous. Auth.*, 259 AD2d 442 [1999]; *Lusenskas v Axelrod*, 183 AD2d at 249), here, there

was no evidence showing that, prior to the occurrence that underlies the plaintiff's action, the defendant had knowledge of any defects in the chair involved in the accident. Thus, for purposes of liability pursuant to General Municipal Law § 205-e, the evidence was legally insufficient to establish the defendant's culpability for the alleged violation of Labor Law § 27-a (*see McCullagh v McJunkin*, 240 AD2d at 713-714; *Infante v State of New York*, 266 AD2d 130 [1999]).

In light of our determination, we need not reach the defendant's remaining contentions. Covello, J.P., Belen, Hall and Cohen, JJ., concur.