In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an or *853 der of the Supreme Court, Richmond County (Aliotta, J.), dated February 26, 2014, as granted that branch of the motion of the defendants City of New York and New York City Fire Department which was for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with costs.
On September 8, 2010, the plaintiff, a New York City firefighter, responded to the scene of a fire at a building in Staten Island which housed a marijuana grow room. The plaintiff testified that this room contained numerous planters containing marijuana plants and that the planters “were all connected with wires, plugged in at some point.” In the process of searching the premises, the plaintiff stepped onto a marijuana planter and fell forward, striking a window jamb. Approximately 15 minutes later, the plaintiffs feet became tangled in the wiring and he fell a second time. As a result of these falls, the plaintiff allegedly sustained injures which required surgery.
The plaintiff commenced this lawsuit against the City of New York and the New York City Fire Department (hereinafter together the municipal defendants), among others, alleging, inter alia, a right to recover under General Municipal Law § 205-e based on the municipal defendants’ violation of Labor Law § 27-a (3) (a) (1). The Supreme Court, inter alia, granted that branch of the municipal defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against them.
General Municipal Law § 205-a (1) states, in part, that a firefighter may maintain an action to recover damages for personal injuries sustained “directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments.” Labor Law § 27-a (3) (a) (1) provides that every employer shall furnish employment and a place of employment that are “free from recognized hazards” that cause or are likely to cause death or serious physical harm to employees. This statute may serve as a proper predicate for a cause of action alleging a violation of General Municipal Law § 205-e (see Gammons v City of New York, 109 AD3d 189 [2013]; Campbell v City of New York, 31 AD3d 594 [2006]; Balsamo v City of New York, 287 AD2d 22 [2001]).
Here, even assuming that the grow room presented hazards constituting a violation of Labor Law § 27-a (3) (a) (1), the mu *854 nicipal defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiffs injuries did not result from their “neglect, omission, willful or culpable negligence” in failing to comply with the statute (General Municipal Law § 205-a [1]; see Alexander v City of New York, 82 AD3d 1022 [2011]; see also Williams v City of New York, 2 NY3d 352 [2004]; Blake v City of New York, 109 AD3d 503 [2013]; cf. Gammons v City of New York, 109 AD3d at 201-202). In opposition to this showing, the plaintiff failed to raise a triable issue of fact (see Williams v City of New York, 2 NY3d at 364; Norman v City of New York, 60 AD3d 830 [2009]; see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).
The plaintiffs remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the municipal defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against them.
Mastro, J.E, Lott, Sgroi and Cohen, JJ., concur.