■ DANIEL CASSIDY et al., Respondents-Appellants, v LARRY KORIK, Appellant-Respondent, and BELLA HOME IMPROVEMENTS OF STATEN ISLAND, INC., Respondent. [989 NYS2d 393]—

In an action to recover damages for personal injuries, etc., the defendant Larry Korik appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated March 12, 2013, as denied, in part, that branch of his cross motion which was for summary judgment dismissing the cause of action alleging a violation of General Municipal Law § 205-a insofar as asserted against him, and the plaintiffs cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as granted those branches of the motion of the defendant Bella Home Improvements of Staten Island, Inc., and the cross motion of the defendant Larry Korik which were for summary judgment dismissing the cause of action alleging negligence insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the cross motion of the defendant Larry Korik which was for summary judgment dismissing the cause of action alleging a violation General Municipal Law § 205-a insofar as asserted against him is granted in its entirety; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Larry Korik, payable by the plaintiffs.

The injured plaintiff, a New York City firefighter, alleges that he sustained injuries that occurred when he responded to an incident at a house owned by the defendant Larry Korik. On the date of the incident, part of the chimney of Korik's house collapsed and fell onto the roof of an adjacent house. The defendant Bella Home Improvements of Staten Island, Inc. (hereinafter Bella), was performing certain roofing and renovation

work at Korik's house at the time of the incident. The injured plaintiff, and his wife suing derivatively, commenced this action against Korik and Bella.

The Supreme Court should have granted, in its entirety, that branch of Korik's cross motion which was for summary judgment dismissing the General Municipal Law § 205-a cause of action insofar as asserted against him. General Municipal Law § 205-a establishes the right of an injured firefighter to recover against any party whose negligence in failing to comply with governmental requirements results directly or indirectly in the firefighter's injury (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 77 [2003]). While recovery under General Municipal Law § 205-a does not require proof of such notice as would be necessary to a cause of action alleging common-law negligence, the plaintiff still must "establish that the circumstances surrounding the violation indicate that it was a result of neglect, omission, or willful or culpable negligence on the defendant's part" (*Mulham v City of New York*, 110 AD3d 856, 859 [2013]; *see Alexander v City of New York*, 82 AD3d 1022, 1024 [2011]; *Terranova v New York City Tr. Auth.*, 49 AD3d 10, 17 [2007]). Here, Korik established, prima facie, that the alleged violations were not the result of neglect, omission, or willful or culpable negligence on his part (*see Alexander v City of New York*, 82 AD3d at 1024-1025; *Lustenring v 98-100 Realty*, 1 AD3d 574, 578 [2003]; *McCullagh v McJunkin*, 240 AD2d 713, 713-714 [1997]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court properly granted those branches of Bella's motion and Korik's cross motion which were for summary judgment dismissing the negligence cause of action insofar as asserted against each of them. As the plaintiffs correctly contend, General Obligations Law § 11-106 largely abolished the former so-called "firefighter's rule" by allowing firefighters to assert causes of action sounding in negligence for injuries suffered while in the line of duty against entities other than municipal employers and fellow workers (*Galapo v City of New York*, 95 NY2d 568, 573 [2000]; *see Brennan v New York City Hous. Auth.*, 302 AD2d 483, 484 [2003]). However, Bella and Korik established their prima facie entitlement to judgment as a matter of law dismissing the negligence cause of action insofar as asserted against each of them by demonstrating that they did not create or have actual or constructive notice of a dangerous condition (*see Thomas v Benton*, 112 AD3d 812, 813 [2013]; *Johnson v City of New York*, 102 AD3d 746, 748 [2013]). In opposition, the plaintiffs failed to raise a triable issue of fact. Skelos, J.P., Chambers, Lott and Duffy, JJ., concur.