■ JOHN J. DESTHERS et al., Appellants, v JUANA ESPINAL, Respondent. [995 NYS2d 176]—

In an action, inter alia, to recover damages for personal injuries pursuant to General Municipal Law § 205-a, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Markey, J.), dated October 24, 2012, which granted the defendant's motion for summary judgment dismissing the complaint, and (2), as limited by their brief, from so

much of an order of the same court (Greco, Jr., J.), dated April 11, 2013, as, in effect, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated October 24, 2012, is dismissed, as that order was superseded by the order dated April 11, 2013, made, in effect, upon reargument; and it is further,

Ordered that the order dated April 11, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On February 15, 2011, the plaintiff John J. Desthers, a New York City firefighter, while responding to a fire, allegedly was injured when he fell off a scuttle ladder he was climbing in order to gain access to the roof. The ladder, which was on the second floor of the defendant's property, detached from the wall and caused Desthers to fall to the first floor. Desthers, and his wife suing derivatively, commenced this action against the defendant, asserting causes of action to recover damages based on General Municipal Law § 205-a and common-law negligence. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. Upon, in effect, reargument, the Supreme Court adhered to the prior determination.

General Municipal Law § 205-a provides a right of action for firefighters who are injured "as a result of any neglect, omission, willful or culpable negligence" of the defendant "in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments" (General Municipal Law § 205-a [1]). Although the plaintiff is not required to prove such notice as would be required under a common-law theory of negligence, the statute still requires that "the circumstances surrounding the violation indicate that it was a result of neglect, omission, willful or culpable negligence on the defendant's part" (*Lustenring v 98-100 Realty*, 1 AD3d 574, 578 [2003] [internal quotation marks omitted]; *see McCullagh v McJunkin*, 240 AD2d 713, 713 [1997]; *Lusenskas v Axelrod*, 183 AD2d 244, 248-249 [1992]).

Here, the defendant established her prima facie entitlement to judgment as a matter of law by demonstrating that she neither created nor had any knowledge of the alleged defect (*see Lustenring v 98-100 Realty*, 1 AD3d at 578; *McCullagh v McJunkin*, 240 AD2d at 713; *Lusenskas v Axelrod*, 183 AD2d at 249). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the alleged violations of the Administrative Code of the City of New York, including section 28-301.1 thereof,

were the result of some neglect, omission, or culpable negligence on her part (*see Lustenring v 98-100 Realty*, 1 AD3d at 578; *McCullagh v McJunkin*, 240 AD2d at 713).

The defendant also established her prima facie entitlement to judgment as a matter of law dismissing the common-law negligence cause of action by demonstrating that she neither created nor had actual or constructive notice of the defect before the incident (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Schnell v Fitzgerald*, 95 AD3d 1295, 1295-1296 [2012]; *Lal v Ching Po Ng*, 33 AD3d 668, 668 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contention is improperly raised for the first time on appeal (*see Sheng Sheng Constr., Inc. v Har's Constr., Inc.*, 116 AD3d 1030, 1031 [2014]; *Williams v Yang Qi Nail Salon, Inc.*, 113 AD3d 843, 845 [2014]).

Accordingly, the Supreme Court, in effect, upon reargument, properly adhered to its prior determination granting the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Hall, Austin and Roman, JJ., concur.