■ BEVERLY HERNANDEZ, Respondent, v CONWAY STORES, INC., Appellant. [40 NYS3d 464]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Greco, Jr., J.), dated May 11, 2015, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

On the morning of May 13, 2012, the plaintiff and her adult daughter were shopping in the defendant's store when the plaintiff allegedly slipped and fell on a puddle of water. According to the plaintiff, the puddle was located a few steps away from the cash registers in the rear of the store. At her deposition, the plaintiff testified that after she and her daughter entered the store, they spent about 15 to 20 minutes selecting merchandise before proceeding to the registers to pay. The plaintiff also testified that she did not see the puddle prior to her fall. However, the plaintiff's daughter alleged in an affidavit that she and her mother had been shopping for about 45 minutes prior to the accident, and that she saw the puddle upon entering the store. The plaintiff moved for summary judgment on the issue of liability, submitting evidence including her deposition testimony and her daughter's affidavit. The plaintiff contended that the defendant had either actual or constructive notice of the puddle because it had been present for approximately 45 minutes in a central area of the store. The Supreme Court granted the plaintiff's motion, and the defendant appeals.

"An owner or tenant in possession of realty owes a duty to maintain the property in a reasonably safe condition" (*Farrar v Teicholz*, 173 AD2d 674, 676 [1991]; *see Mullen v Helen Keller Servs. for the Blind*, 135 AD3d 837 [2016]; *Cupo v Karfunkel*, 1 AD3d 48, 51 [2003]; *see also Basso v Miller*, 40 NY2d 233, 241 [1976]). In order for a plaintiff in a slip and fall case to establish a prima facie case of negligence, the plaintiff must demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition (*see Eddy v Tops Friendly Mkts.*, 91 AD2d 1203 [1983], *affd* 59 NY2d 692 [1983]; *see also Fernandez v Bucknell Realty Ltd. Partnership*, 123 AD3d 972 [2014]; *Duque v Perez*, 95 AD3d 937, 938 [2012]). To constitute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *see Parietti v Wal-Mart Stores, Inc.*, 140 AD3d 1039 [2016]). Furthermore, a plaintiff in a personal injury action who moves for summary judgment on the issue of liability has the burden of establishing, prima facie, both that the defendant was negligent and that he or she was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Lutz v Defabio*, 140 AD3d 1032, 1033 [2016]; *Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]).

Here, the plaintiff failed to make a prima facie showing of

her entitlement to judgment as a matter of law on the issue of liability. The plaintiff's submissions provided conflicting evidence with respect to how long the puddle had been on the floor prior to the plaintiff's accident, and were insufficient to demonstrate, prima facie, that the defendant had actual notice of the puddle, or that it had existed for a sufficient length of time for the defendant's employees to discover and remedy it. The plaintiff's submissions also failed to demonstrate, prima facie, that she was free from comparative fault (*see Lopez-Calderone v Lang-Viscogliosi*, 127 AD3d 1143, 1145 [2015]; *Cupo v Karfunkel*, 1 AD3d at 52).

Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability, regardless of the sufficiency of the defendant's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Eng, P.J., Balkin, Hall and Barros, JJ., concur.