Shea v New York City Economic Dev. Corp. (2018 NY Slip Op 03164)





Shea v New York City Economic Dev. Corp.


2018 NY Slip Op 03164


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-00672
 (Index No. 101348/10)

[*1]George Shea, appellant-respondent, 
v
New York City Economic Development Corporation, respondent, City of New York, respondent-appellant (and a third-party action).


Rubert & Gross, P.C., New York, NY (Soledad Rubert and Richard Gross of counsel), for appellant-respondent.
Zachary W. Carter, Corporation Counsel, New York, NY (Susan P. Greenberg and Megan E. K. Montcalm of counsel), for respondent-appellant.
Savona, D'Erasmo & Hyer, LLC, New York, NY (Joseph F.X. Savona and Raymond M. D'Erasmo of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant City of New York cross appeals, from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated December 1, 2015. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on his cause of action alleging a violation of General Municipal Law § 205-a insofar as asserted against both defendants, and on his cause of action alleging common-law negligence insofar as asserted against the defendant New York City Economic Development Corporation. The order, insofar as cross-appealed from, denied that branch of the cross motion of the defendant City of New York which was for summary judgment dismissing the cause of action alleging a violation of General Municipal Law § 205-a insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant New York City Economic Development Corporation payable by the plaintiff, and, upon searching the record, summary judgment is awarded to the defendant New York City Economic Development Corporation dismissing the cause of action alleging a violation of General Municipal Law § 205-a insofar as asserted against it.
The plaintiff, in the course of his employment as a New York City firefighter, fell and broke his ankle when his foot got caught in a gap between grates on the Homeport Pier in Staten Island. The Homeport Pier is owned by the defendant City of New York, and managed and maintained by the defendant New York City Economic Development Corporation (hereinafter EDC). The plaintiff commenced this action to recover damages for the personal injuries he sustained, alleging causes of action sounding in common-law negligence and violations of General Municipal Law § 205-a. After depositions were conducted, the plaintiff moved, inter alia, for summary judgment on the issue of liability on his General Municipal Law § 205-a cause of action insofar as [*2]asserted against both defendants, and his common-law negligence cause of action insofar as asserted against EDC. The City cross-moved, inter alia, for summary judgment dismissing the General Municipal Law § 205-a cause of action insofar as asserted against it. The Supreme Court denied summary judgment to both moving parties. The plaintiff appeals and the City cross-appeals.
General Municipal Law § 205-a(1) provides a right of action for firefighters who are injured "as a result of any neglect, omission, willful or culpable negligence" of a defendant "in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments." To make out a valid claim under General Municipal Law § 205-a, a plaintiff must " [1] identify the statute or ordinance with which the defendant failed to comply, [2] describe the manner in which the firefighter was injured, and [3] set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm to the firefighter'" (Giuffrida v Citibank Corp., 100 NY2d 72, 79, quoting Zanghi v Niagara Frontier Transp. Commn., 85 NY2d 423, 441).
We agree with the Supreme Court that the only statute, ordinance, or rule identified by the plaintiff which could support the imposition of liability pursuant to General Municipal Law § 205-a under the facts of this case was Labor Law § 27-a (see generally Cusumano v City of New York, 15 NY3d 319, 324). Labor Law § 27-a(3)(a)(1) provides that every employer shall furnish employment and a place of employment that are "free from recognized hazards" that cause or are likely to cause death or serious physical harm to employees. This statute may serve as a predicate for a cause of action alleging a violation of General Municipal Law § 205-a (see LaPiedra v City of New York, 118 AD3d 852, 853; cf. Gammons v City of New York, 24 NY3d 562, 572).
"A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, producing sufficient evidence to demonstrate the absence of any material issue of fact" (Giuffrida v Citibank Corp., 100 NY2d at 81; see Alvarez v Prospect Hosp., 68 NY2d 320, 324). In support of that branch of his motion which was for summary judgment on the issue of liability on his General Municipal Law § 205-a cause of action, the plaintiff submitted evidence that the City, which was his employer, failed to furnish him with a workplace that was free from recognized hazards inasmuch as the grates on the Homeport Pier were separated by an unreasonably large gap, and the lights on the nearest lamppost were inoperable (see Labor Law § 27-a[3][a][1]). However, in order to make a prima facie showing of entitlement to judgment as a matter of law on the issue of liability pursuant to General Municipal Law § 205-a(1), the plaintiff needed to establish more than just that the City failed to comply with the statute. The plaintiff was also required to show that the circumstances surrounding the noncompliance indicate that it was a result of "neglect, omission, willful or culpable negligence" on the part of the City (see Desthers v Espinal, 121 AD3d 1035, 1036; Lustenring v 98-100 Realty, 1 AD3d 574, 578; McCullagh v McJunkin, 240 AD2d 713; Lusenskas v Axelrod, 183 AD2d 244, 248-249), and that the negligent noncompliance directly or indirectly caused the harm to the plaintiff (see General Municipal Law § 205-a[1]; cf. Giuffrida v Citibank Corp., 100 NY2d at 82).
Here, the plaintiff's submissions failed to establish, prima facie, that the gap in the grates was a result of negligence by the City. His submissions included evidence that (1) the Homeport Pier was inspected regularly, (2) gaps in the grates were sometimes caused by expansion and contraction of the metal and shifting due to vehicles driving over them, (3) any gaps over an inch were rectified when discovered during regular inspections, and (4) the Homeport Pier and the grates were inspected within two days prior to the plaintiff's accident. Furthermore, the plaintiff failed to establish, prima facie, that inoperable lights were a direct or indirect cause of his injuries. In his deposition, the plaintiff testified that, while the lighting was "[l]ess than normal," he was able to see the grates at issue. Thus, there were material issues of fact as to whether the inoperable lights were a direct or indirect cause of his injuries. Because the plaintiff failed to demonstrate the absence of triable issues of fact, we agree with the Supreme Court's determination to deny that branch of his motion which was for summary judgment on the issue of liability on his cause of action alleging a violation of General Municipal Law § 205-a insofar as asserted against the City.
Inasmuch as the plaintiff sought summary judgment on the issue of liability on this [*3]cause of action insofar as asserted against EDC, we agree with the Supreme Court's denial of that branch of his motion on the ground that EDC was not his employer, and thus, Labor Law § 27-a(3)(a) is inapplicable to that defendant. Further, this Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (see CPLR 3212[b]; Dunham v Hilco Constr. Co., 89 NY2d 425, 429; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110). In light of our determination, upon searching the record here, we award summary judgment to EDC dismissing the cause of action alleging a violation of General Municipal Law § 205-a insofar as asserted against it.
We also agree with the Supreme Court's determination to deny that branch of the City's cross motion which was for summary judgment dismissing the same cause of action insofar as asserted against it, as the City failed to establish, prima facie, that it did not negligently violate Labor Law § 27-a(3)(a) or that any violation of the statute did not directly or indirectly cause the plaintiff's injuries (see Gammons v City of New York, 24 NY3d at 574; Giuffrida v Citibank Corp., 100 NY2d at 82; Balsamo v City of New York, 287 AD2d 22, 28).
Finally, we agree with the Supreme Court's determination to deny that branch of the plaintiff's motion which was for summary judgment on the issue of liability on his common-law negligence cause of action insofar as asserted against EDC, as he failed to establish, prima facie, that EDC created the allegedly defective condition or had actual or constructive notice of the condition (see Hernandez v Conway Stores, Inc., 143 AD3d 943, 944; cf. Gordon v American Museum of Natural History, 67 NY2d 836).
SCHEINKMAN, P.J., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court